573 F.Supp. 71 (1983)
William V. WILKEN, et al., Plaintiffs,
v.
SOUTHWESTERN BELL TELEPHONE CO., INC., etc., et al., Defendants.
No. 82-0145C(3).
United States District Court, E. D. Missouri, E.D.
October 17, 1983.
*72 S. Sheldon Weinhaus, St. Louis, Mo., for plaintiffs.
James A. Daugherty, St. Louis, Mo., for Southwestern Bell Telephone Co.
Barry A. Short, St. Louis, Mo., for Western Elec. Co., Inc. and Western Elec. Plan, etc.
Carl S. Yendes, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for intervenor.
Henry D. Menghini, St. Louis, Mo., for Southwestern Bell Telephone Co., and Plan.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on the motion of defendants Southwestern Bell Telephone Company, Inc., and Southwestern Bell Telephone Sickness and Accident Disability Benefit Plan (hereinafter collectively referred to as "Southwestern Bell") for summary judgment; the motion of Southwestern Bell for summary judgment on plaintiff Wilken's claims specifically; the motion of intervenor-defendant Richard Rousselot for summary judgment; and plaintiffs' motion for class certification. The lawsuit arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, with alleged ancillary jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).
Plaintiffs Wilken and Ramsey are participants in Southwestern Bell's employee welfare benefit plan, which provides for payments to employee participants for physical disability to work due to accidental injury arising out of and in the course of employment by Southwestern Bell. Plaintiffs complain that defendants have improperly maintained a practice, in regard to employees who receive payments under the Missouri Workers' Compensation Law, Mo. Rev.Stat. §§ 287.010 et seq., of integrating the plan's weekly benefit payments for absence paid in excess of that provided for healing period and absences provided under the Workers' Compensation Law, against the workers' claims for residual permanent injury. See Second Amended Complaint. Plaintiffs contend that this policy violates ERISA.
Originally, this action also contained claims by one Richard A. Hechenberger that a similar plan by Western Electric Company, Inc., and Western Electric Sickness and Accident Disability Benefit Plan (hereinafter collectively referred to as "Western Electric"), also violated ERISA. However, summary judgment was entered for Western Electric on August 22, 1983, on the basis of mootness; then-plaintiff Hechenberger had never received an award from the Workers' Compensation Board, and thus Western Electric never sought an offset for payments under its employee benefit plan. Additionally, Western Electric had filed affidavits stating that it would cease its offset practice as to all pending and future cases similar to Mr. Hechenberger's.
For similar reasons, the Court will grant Southwestern Bell's general motion and defendant Rousselot's motion for summary judgment. Neither of the two named plaintiffs has ever received an award from the Workers' Compensation Board. Consequently, no offset has been made. While defendants have concededly claimed entitlement to such an offset with respect to both plaintiffs, the issue has never become ripe. Plaintiff Ramsey's claim is still pending before the Workers' Compensation Board, and plaintiff Wilken's claim was withdrawn after he was informed of Southwestern Bell's intent to offset.
Furthermore, defendants have filed affidavits in support of their motion. Affiant James B. Kennedy, an attorney for Southwestern Bell Telephone Company, states that no formal hearing had been held on Mr. Ramsey's workers' compensation claim, and that he has advised the administrative *73 law judge assigned to the case of his client's decision not to assert a claim for excess payments during Mr. Ramsey's temporary total disability. Affiant also submitted a copy of the amended answer specifically stating that the credit would not be claimed.
Affiant Leo E. Eickhoff, Jr., also an attorney for Southwestern Bell, filed an affidavit stating that Southwestern Bell would not claim credit under Mo.Rev.Stat. § 287.160.3 against permanent partial awards or settlements in pending or future cases, for amounts paid to employees during a period of temporary total disability in excess of the statutory rate of compensation for temporary total disability. Affiant states that a letter to that effect, of which a copy is attached, was mailed to the Director of the Division of Workers' Compensation, with an effective date of August 26, 1983.
Intervenor-defendant Rousselot, the Director of the Division of Workers' Compensation, Department of Labor and Industrial Relations, State of Missouri, submitted his own affidavit along with his motion for summary judgment. He states that he received a letter from Mr. Eickhoff informing him of the decision to cease claiming offset credit, and that the legal advisors and administrative law judges had been informed of the "unconditional" change of position.
In accordance with the reasoning set forth in this Court's order of August 22, 1983, granting Western Electric's motion for summary judgment, the Court finds that the named plaintiffs' claims do not set forth a present controversy as to them individually. The action will therefore be dismissed.
Southwestern Bell's motion for summary judgment as to defendant Wilken and plaintiffs' motion for class certification are moot.