Richard A. HECHENBERGER, William V. Wilken, Charles W. Ramsey, Appellants,

v.

WESTERN ELECTRIC CO., INC., Western Electric Plan for Employees' Pensions, Disability Benefits and Death Benefits, now also known in part as Western Electric Sickness and Accident Disability Benefit Plan, Western Electric Co., Inc., Plan Administrator, Southwestern Bell Telephone Co., Inc., Southwestern Bell Telephone Plan for Employees' Pensions, Disability Benefits and Death Benefits, now also known in part as Southwestern Bell Telephone Sickness and Accident Disability Benefit Plan, Southwestern Bell Telephone Co. Plan Administrator, Appellees,

v.

Richard ROUSSELOT, Director, Division of Workers Compensation, State of Missouri, Appellee.

No. 83–2266.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1984.

Decided Aug. 28, 1984.

Rehearing and Rehearing En Banc Denied Oct. 12, 1984.

Evans & Dixon, Henry D. Menghini, Robert J. Krehbiel, St. Louis, Mo., for appellees Southwestern Bell Telephone Co. and its Sickness and Accident Disability Benefit Plan; Leo E. Eickhoff, Jr., St. Louis, Mo., of counsel.

Sheldon Weinhaus, St. Louis, Mo., for appellants; Jerome J. Dobson and Levin & Weinhaus, St. Louis, Mo., of counsel.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

This appeal arises from an action filed by three employees against their employers, Western Electric Co., Inc., and Southwestern Bell Telephone Co., Inc., and the companies' respective disability benefit plans. The employees challenge a practice followed by the companies in Missouri Workers' Compensation proceedings, of offsetting certain workers' compensation awards with amounts paid under the disability benefit plans.[1] The employees also claimed that the Missouri statute which authorized the integration of benefits was preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Due to an intervening change in state law, and the defendants' abandonment of their integration policies, the district court[2], 570 F.Supp. 820, held that the claims were moot and granted the defendants' motions for summary judgment. On appeal the employees challenge the court's ruling on the mootness issue. We believe that the substantive issues in this case are moot, accordingly we affirm the judgment of the district court.

## Discussion

The employees claimed that the Missouri statute which authorized the integration practice was preempted by ERISA. The state statute provided:

The employer shall be entitled to credit for wages paid the employee after the injury, and for any sum paid to or for the employee or his dependents on account of the injury except for liability under section 287.140.

MO.ANN.STAT. 287.160.3 (Vernon 1965).[3] The Missouri courts had approved the inte-

---

1. The practice of offsetting workers' compensation awards by the amounts paid under a benefit plan is commonly referred to as "integration."

2. The Honorable William C. Hungate, United States District Judge for the Eastern District of Missouri.

3. This section was amended in 1981 to provide:

gration practice. *See Strohmeyer v. Southwestern Bell Telephone Co.*, 396 S.W.2d 1 (Mo.Ct.App.1965). *See also Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 516, 101 S.Ct. 1895, 1902, 68 L.Ed.2d 402 (1981) (compensation awards allowed to offset pension benefits). While this action was pending in the district court, the State of Missouri amended its statute to provide:

> The employer shall not be entitled to credit for wages or such pay benefits paid to the employee or his dependents on account of the injury or death.

MO.ANN.STAT. 287.160.3 (Vernon Supp. 1984). Accordingly, the state statute no longer authorized the integration/offset practice.

█ Upon learning of the change in the state statute the defendants abandoned their practice of claiming offsets in workers' compensation proceedings. Each defendant filed affidavits in the district court stating that they would not claim such offsets against the plaintiffs, nor any other employees with claims pending in workers' compensation proceedings. None of the named plaintiffs had been subjected to the integration practice in a compensation proceeding, *see Wilken v. Southwestern Bell Telephone Co.*, 573 F.Supp. 71 at 72 (E.D. Mo.1983), nor was there any potential that they, or others, would be subjected to this practice in the future. On this basis the court correctly granted the defendants' motions for summary judgment; the employees' claims were moot.

█ The normal rule is that when claims of the named plaintiffs are moot before class certification dismissal of the action is required. *See Board of School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Inmates of the Lincoln Intake and Detention Facility v. Boosalis*, 705 F.2d 1021 (8th Cir.1983). The employees seek to rely on the "relation back" doctrine to save their claim from mootness. The relation back doctrine provides that where the controversy involving the named plaintiffs becomes moot prior to class certification, the certification can relate back to the filing of the complaint. *See Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 n. 11 (1975). Whether the doctrine should be applied depends upon whether "the issue would evade review." *Id.* Here, there is nothing to prevent an employee who was actually subjected to an offset, prior to the amendment of the state statute, from bringing an action to challenge the former practice.[4] Accordingly, there is nothing to indicate that the issue will "evade review." *See Bradley v. Housing Authority*, 512 F.2d 626, 629 (8th Cir.1975). We see no reason why the normal rule requiring dismissal should not apply in this case.

Accordingly, the judgment of the district court will be affirmed.[5]

---

> The employer shall be entitled to credit for wages paid to the employee or his dependents on account of the injury or death if such wages were not earned for work performed by the employee after the injury or death. This modification is not significant for purposes of this appeal.

**4.** Precisely such an action is currently pending in the United States District Court for the Eastern District of Missouri, and is docketed as *Clemens v. Southwestern Bell Telephone Co.*, No. 84–0756C(3). Class certification has been requested in that case.

**5.** The appellants argue that the case is not moot as they are entitled to attorney's fees and litigation expenses under 29 U.S.C. § 1132 (West Pamphlet 1984) because they successfully prompted the defendants to change their policies. We believe this demand for fees should be presented to the district court in the form of a fee request; it does not save the case from mootness.