599 F.Supp. 688 (1984)
Richard A. HECHENBERGER, et al., Plaintiffs,
v.
WESTERN ELECTRIC CO., INC., etc., et al., Defendants.
No. 82-0145C(3).
United States District Court, E.D. Missouri, E.D.
December 4, 1984.
Sheldon Weinhaus, St. Louis, Mo., for plaintiffs.
Leo E. Eichhoff, St. Louis, Mo., Carl S. Yendes, Asst. Atty. Gen., Jefferson City, Mo., Henry D. Menghini, Robert J. Krehbiel, St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on plaintiffs' application for attorneys' fees and costs. Plaintiffs' complaint was dismissed as moot on October 17, 1983, and the dismissal was affirmed on August 24, 1984, following plaintiffs' appeal. The United States Court of Appeals for the Eighth Circuit noted in its opinion that any request for fees under 29 U.S.C. § 1132 "should be presented to the district court in the form of a fee request; it does not save the case from mootness." Hechenberger v. Western Electric Co., 742 F.2d 453 at 455 (8th Cir.1984).
Plaintiffs' complaint arose under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. Plaintiffs challenged *689 the propriety of defendants' practice of integrating payments under an employee welfare benefit plan with certain payments made under the Missouri Workers' Compensation Law, Mo.Rev.Stat. §§ 287.010, et seq. Defendants abandoned the integration or offsetting practice in June of 1983, and the case became moot since none of the named plaintiffs had been or would be subjected to an offset.
Despite the claims' mootness, plaintiffs persisted in opposing dismissal, to the point of appealing the dismissal. In seeking attorneys' fees, plaintiffs nonetheless assert they are the prevailing party. Under 29 U.S.C. § 1132, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Eighth Circuit has interpreted § 1132 to mean prevailing plaintiffs should ordinarily recover fees unless such an award would be unjust due to special circumstances. Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 (8th Cir.1980). The burden of proving special circumstances is on the losing defendant. Id. at n. 19.
Plaintiffs argue that there was a clear causal connection between their initiation of this lawsuit and the defendants' cessation of the integration practice of which they complained. Assuming, arguendo, that plaintiffs can be said to have prevailed to some extent, the Court nonetheless finds that an award would not be just in this case. The action was filed as a class action, but no class was ever certified. Plaintiffs' requests for jury trial, for punitive damages, and to disqualify counsel were denied. Plaintiffs received, at best, only a small part of the relief sought, and have continued to litigate their claims long after they became moot. Due to the fact that substantial and unnecessary fees and costs have been generated by such actions, the Court will decline to exercise its discretion to award attorneys' fees in this case. Nor does the Court find that plaintiffs are entitled to costs herein.