786 F.2d 347
 Richard A. HECHENBERGER, Appellant,
William V. Wilken; Charles W. Ramsey, Appellants,
v.
WESTERN ELECTRIC CO., INC.; Western Electric Plan for
Employees' Pensions, Disability Benefits and Death Benefits,
now also known in part as Western Electric Sickness and
Accident Disability Benefit Plan, Western Electric Co.,
Inc., Plan Administrator, Appellees,
SOUTHWESTERN BELL TELEPHONE CO., INC., Southwestern Bell
Telephone Plan for Employees' Pensions, Disability Benefits
and Death Benefits, now also known in part as Southwestern
Bell Telephone Sickness and Accident Disability Benefit
Plan, Southwestern Bell Telephone Co., Plan Administrator, Appellees,
v.
Richard ROUSSELOT, Director, Division of Workers
Compensation, State of Missouri, Appellees.
 No. 85-1034.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 14, 1985.
Decided March 11, 1986.
 
 Sheldon Weinhaus, St. Louis, Mo., for appellant.
 D.J. Sullivan, St. Louis, Mo., for Western Elec.
 Robert J. Kreibel, St. Louis, Mo., for Southwestern Bell.
 Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard A. Hechenberger, William V. Wilken, and Charles W. Ramsey (appellants) appeal the district court's denial of their request for costs and attorneys' fees (collectively fees or attorneys' fees) in an action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1132(g). We affirm.
 
 
 2
 The appellants instituted this action against their employers, Western Electric Company and Southwestern Bell Telephone Company (employers), and their employers' disability benefit plans. In their action the appellants challenged the employers' practice of claiming a credit for amounts paid to employees under the disability plans against the employees' workers' compensation awards. At the time the lawsuit was filed, this practice was permitted under Missouri law. See Mo.Ann.Stat. Sec. 287.160.3 (Vernon 1965) (repealed 1983).
 
 
 3
 The appellants claimed that this credit practice violated ERISA because it was not permitted under the employers' plans. The appellants further claimed that to the extent Missouri law permitted or required the employers to claim a credit in violation of their plans, the law was preempted by ERISA. Significantly, although the appellants had suffered injuries and had been compensated under their employers' plans, they had never been formally subjected to the challenged credit practice and hence did not seek actual damages.
 
 
 4
 Before trial, a combination of events, occurring at approximately the same time, made a judgment on the merits of the case unnecessary. First, the Missouri legislature amended the statute to disallow the credit practice. Mo.Ann.Stat. Sec. 287.160.3 (Vernon 1986 Supp.). Second, although the amendment applied only to cases in which the injury occurred after the effective date of the statute, and thus did not affect the appellants' cases, see Evans v. Missouri Utilities Co., 671 S.W.2d 812, 815 (Mo.App.1984), the employers decided to abandon the credit practice altogether. The employers then filed motions for summary judgment.
 
 
 5
 Due to the employers' abandonment, the district court granted their motions for summary judgment finding that a live controversy no longer existed between the parties. See Wilken v. Southwestern Bell Telephone Co., 573 F.Supp. 71 (E.D.Mo.1983); Hechenberger v. Western Electric Co., 570 F.Supp. 820 (E.D.Mo.1983).
 
 
 6
 Despite their knowledge that the employers would not claim a credit in any outstanding or future workers' compensation case, the appellants appealed the district court's grant of summary judgment. This court in cursory fashion rejected their appeal on the grounds of mootness. Hechenberger v. Western Electric Co., 742 F.2d 453 (8th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 1182, 84 L.Ed.2d 330 (1985). Following this court's decision, the appellants returned to the district court with their request for attorneys' fees.
 
 
 7
 If the appellants prevailed in their ERISA action, they are entitled to attorneys' fees unless special circumstances exist that would render an award of fees unjust. Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 (8th Cir.1980). However, a district court's determination regarding fees under ERISA will be reversed "only upon an abuse of discretion, which we will not find unless the record clearly supports such a conclusion." Short v. Central States, Southeast & Southwest Areas Pension Fund, 729 F.2d 567, 576 (8th Cir.1984).
 
 
 8
 Here, the district court assumed "arguendo" that the appellants prevailed to some extent but denied their request for fees because it found that under the special circumstances of the case an award would not be just. Hechenberger v. Western Electric Co., 599 F.Supp. 688, 689 (E.D.Mo.1984). The district court's decision was based in part on the appellants' appeal from the grants of summary judgment. Id.
 
 
 9
 In their briefs the appellants state that they will not request fees for the prior unsuccessful appeal. However, their concession ignores entirely the burden and expense the appellants subjected the employers to by requiring them to respond to the appellants' basically frivolous appeal. By appealing the grants of summary judgment, the appellants continued to challenge a practice that not only had been abandoned before trial but had never been formally applied to them. A reversal by this court would have been of no useful purpose to the appellants. In fact, it would have forced them to litigate a matter already effectively resolved in their favor.
 
 
 10
 Our review of the record as a whole leads us to the conclusion that under the particular circumstances of this case the district court's denial of fees did not constitute a clear abuse of discretion. Due to our resolution of this issue, we need not address the appellants' other contentions on appeal. Accordingly, we affirm.