**William A. McCONNELL,**
**Plaintiff-Appellant/Cross-Appellee,**

**v.**

**MEBA MEDICAL AND BENEFITS PLAN,**
**Defendant-Appellee/Cross-Appellant.**

**Nos. 84-1858, 84-1905.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1985.

Decided May 7, 1985.

David M. Salentine, San Francisco, Cal., for plaintiff-appellant/cross-appellee.

Dennis Daniels, San Francisco, Cal., for defendant-appellee/cross-appellant.

Before PREGERSON and FERGUSON, Circuit Judges, and GILLIAM,* District Judge.

GILLIAM, District Judge:

Plaintiff-Appellant William McConnell appeals from an order of the United States District Court for the Northern District of California, denying his motions for attorneys' fees under Section 502(g)(1) of the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. § 1132(g)(1), for punitive damages, and for prejudgment interest at a rate greater than 7%. Defendant-appellee, the MEBA Medical and Bene-

---

* Honorable Earl B. Gilliam, United States District Judge, Southern District of California, sitting by designation.

fits Plan (hereinafter "MEBA District 1" or "District 1") cross-appeals the district court's granting of summary judgment for William McConnell. We affirm the district court's grant of plaintiff's motion for summary judgment and denial of his motions for punitive damages and for prejudgment interest at a rate greater than 7%. We reverse and remand the court's denial of plaintiff's motion for attorneys' fees.

FACTS

Decedent, Robert McConnell, became a member of the Marine Engineers Beneficial Association (hereinafter "MEBA"), a national labor organization divided into several districts, on December 16, 1976. Decedent was employed in MEBA District 2 on the East Coast for more than 400 days. He then transferred to the West Coast and MEBA District 1, where he worked for 147 days until he died in an auto accident on March 3, 1979.

Both MEBA Districts 1 and 2 offer identical benefit plans to their employees. Each provides for basic and supplemental accidental death benefits. Each requires thirty days of employment for eligibility for the $10,000 basic benefit and 400 days of employment for the $30,000 supplemental benefit. The two districts entered into a reciprocal agreement to assure that an individual would not lose benefits by moving from one district to another. Prior to his death, Robert McConnell designated plaintiff William McConnell as his sole beneficiary under the benefit plans of both Districts 1 and 2.

Plaintiff submitted a claim for the basic and supplemental benefits to District 2 after Robert McConnell's death but the Trustees of District 2 rejected the claim, stating that, under the terms of the reciprocal agreement between Districts 1 and 2, District 1 was responsible for payment. Plaintiff thereafter submitted a claim for basic and supplemental benefits to District 1. The Trustees of District 1 paid the $10,000

basic benefit, saying decedent had worked the necessary thirty days in the district to be eligible for the benefit, but refused to pay the $30,000 supplemental benefit. Defendant District 1 stated that decedent had not worked 400 days in the district and thus had not met the eligibility require-ments for the supplemental benefit paid by District 1 and that, under the aforemen-tioned reciprocal agreement, District 2 was responsible for payment of the supplemen-tal benefit.

Plaintiff filed suit under ERISA against District 1 in California Superior Court, County of San Francisco on April 27, 1981. Defendant removed the action to the Unit-ed States District Court for the Northern District of California on July 22, 1981. Plaintiff amended his complaint on Febru-ary 19, 1982, to add District 2 as a party but the court on June 15, 1982 granted the motion of District 2 to transfer the action against it to the U.S. District Court for the Eastern District of New York.

On September 1, 1982, defendant District 1 moved for summary judgment and short-ly thereafter plaintiff cross-moved for sum-mary judgment. The district court granted plaintiff's cross-motion for summary judg-ment and denied defendant's motion for summary judgment. The court held that plaintiff was entitled to the supplemental benefit from District 1 on the basis of the reciprocal agreement entered into between Districts 1 and 2 and that the action of the District 1 trustees in denying plaintiff the supplemental benefit was *per se* arbitrary and capricious and thus reversible under *Rehmar v. Smith*, 555 F.2d 1362, 1371 (9th Cir.1976). The court reasoned that, as de-cedent's place of last employment, District 1 was responsible for payment of the sup-plement benefit under Paragraph 1 of the reciprocal agreement.[1] Further, the court reasoned that Paragraph 5 of the reciprocal agreement required aggregation of dece-dent's days of employment in Districts 1 and 2, thus providing decedent with more than the requisite 400 days of covered em-

ployment for eligibility for the supplemen-tal benefit from District 1.

On February 28, 1983, plaintiff filed a timely motion to amend the judgment seek-ing prejudgment interest at the rate of 7%, compensatory damages, and attorneys' fees and costs. In a court hearing on April 20, 1983, the court heard argument from the parties and stated that it would grant prejudgment interest but would not grant compensatory damages and would tenta-tively deny attorneys' fees.

On January 24 and January 26, 1984, plaintiff filed a motion and supplemental motion which he characterized as one for "entry of final judgment," requesting that the court assess prejudgment interest at a rate greater than 7% (the rate at which the court initially granted prejudgment inter-est), requesting attorneys' fees and also requesting punitive damages. On March 13, 1984, the District Court denied plain-tiff's motions, characterizing them as mo-tions to vacate or modify the judgment that had previously been entered on February 17, 1983. These appeals followed.

## I. SUMMARY JUDGMENT

■ The first issue for determination in the instant case is whether the district court properly granted summary judgment for plaintiff based on its interpretation of the reciprocal agreement between Districts 1 and 2. This court reviews the evidence *de novo* in deciding the propriety of a sum-mary judgment motion. *Bower v. Bunker Hill Company*, 725 F.2d 1221, 1223 (9th Cir.1984). We will affirm the district court's grant of summary judgment if it appears from the record after viewing all evidence and factual inferences in the light most favorable to the adverse party, that there are no genuine issues of material fact and that the moving party is entitled to prevail as a matter of law. *Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir.1980).

---

1. Paragraph 1 of the reciprocal agreement pro-vides that "An employee shall normally submit

welfare claims to the Plan under which he had his latest covered employment."

■ A review of the relevant evidence in the instant case, the individual benefit documents of District 1 and 2 (hereinafter "the District 1 Plan" and "the District 2 Plan") and the reciprocal agreement between the districts, indicates the absence of a genuine issue of fact and that as a matter of law, District 1 rather than District 2 is required to pay plaintiff for the supplemental benefit at issue. Review of the evidence also indicates that the action of District 1 in denying plaintiff's claim was arbitrary and capricious and thus reversible. *Rehmar v. Smith*, 555 F.2d 1362, 1371 (9th Cir.1976).

District 2 is not responsible for paying plaintiff the supplemental benefit, as District 1 argues, for under Article I, Paragraph 3 of the District 2 Plan plaintiff's eligibility for *any* benefits from that Plan terminated automatically upon plaintiff's eligibility in District 1 for the basic benefit. Article I, Paragraph 3 of the District 2 Plan provides:

The eligibility of an employee (for benefits) shall terminate on the earliest of the following dates:

. . . .

(d) the date the employee becomes eligible for benefits under any other welfare plan established between the union and shipowners, provided, however, that said termination shall be subject to the provisions of any reciprocal agreement that may be outstanding between this plan and any other plan.

*Id.* Plaintiff was initially eligible for benefits in District 2 and upon transferring to District 1 became eligible for the basic benefit from District 1 after employment in that district for thirty days. Thus, under Article I, Paragraph 3 of the District 2 Plan, plaintiff's eligibility for any benefits from District 2, including the supplemental benefit, terminated upon plaintiff's employment in District 1 for thirty days.[2]

Paragraph 5 of the reciprocal agreement between Districts 1 and 2 clearly requires that District 1 pay plaintiff the supplemental benefit. That paragraph provides:

In the case of an employee who is a member of any MEBA District who has insufficient days of employment for eligibility in any one of the aforesaid Plans the following rule shall apply: If he has sufficient days of covered employment under all Plans to qualify for eligibility under the provisions or Regulations of the Plan in which his District participates, he shall be entitled to the benefits provided by the Plan in which his District participates and shall be entitled to no other benefits.

*Id.* Decedent was employed in District 1 for only 147 days, far fewer than the 400 days required for eligibility for the supplemental benefit from District 1. Paragraph 5 nonetheless requires that District 1 pay plaintiff for the supplemental benefit because decedent's days of employment in *both* Districts 1 and 2 totaled more than 400 days.

Because the District 1 and 2 Plans and the reciprocal agreement between Districts 1 and 2 clearly require that District 1 pay plaintiff for the supplemental benefit, the district court properly granted plaintiff summary judgment.[3] We therefore affirm the district court's order granting plaintiff summary judgment.

## II. ATTORNEYS' FEES

■ Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), gives the district court discretion to award attorneys' fees to a party to an ERISA action. Although such award is discretionary, a decision denying

---

**2.** District 1 has conceded plaintiff's eligibility for the basic benefit under its Plan and has paid plaintiff that benefit.

**3.** Defendant argues that the District 1 Trustees' interpretation of the reciprocal agreement, requiring that District 2 pay plaintiff the supplemental benefit, is reasonable and thus must be upheld under *Gordon v. ILWU-PMA Benefit Funds*, 616 F.2d 433 (9th Cir.1980). Defendant also argues that the reciprocal agreement is, at best, ambiguous and thus summary judgment was improper. Both arguments are meritless. As the court's reasoning demonstrates, the reciprocal agreement is not ambiguous and the only reasonable interpretation of the reciprocal agreement requires that District 1 pay plaintiff the supplemental benefit.

attorneys' fees will be set aside if the district court abused its discretion. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir.1980). In reviewing the instant case, we hold that the district court abused its discretion by denying attorneys' fees and thus we reverse and remand the court's decision.

In *Hummell*, 634 F.2d at 453, this court enunciated five factors that a trial court should consider in exercising its discretion under section 1132(g)(1):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* In *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir.1984), this court noted that proper consideration of the *Hummell* factors will invariably lead to the conclusion that a prevailing plan participant or beneficiary should recover attorneys' fees. Absent special circumstances which make an award of attorneys' fees unjust, such fees should be awarded. *Id.* at 589.

In the instant case the district court cited no special circumstances making an award of fees unjust in tentatively denying plaintiff's initial motion for attorneys' fees on April 20, 1983 and in again denying a subsequent motion for attorneys' fees on March 13, 1984. Indeed, no special circumstances exist warranting the denial of attorneys' fees. Because of the absence of such special circumstances, the district court abused its discretion in denying plaintiff attorneys' fees. We therefore reverse and remand that portion of the district court's decision denying plaintiff attorneys' fees. On remand, the court is to determine the amount of fees expended by plaintiff in pursuing this litigation and to award such fees to plaintiff.

## III. PREJUDGMENT INTEREST AND PUNITIVE DAMAGES

■ Plaintiff also appeals the district court's denial of its motions of January 24 and January 26, 1984 seeking prejudgment interest at a rate greater than 7% and punitive damages. The district court denied these motions, characterizing them as motions to vacate or modify its judgment of February 17, 1983. We affirm the district court's denial of these motions.

The district court entered judgment in the instant case on February 17, 1983. After plaintiff filed a timely motion to amend the judgment, the court, on April 20, 1983, amended its judgment to include prejudgment interest at a rate of 7%, as sought by plaintiff. Because the court entered judgment on February 17, 1983, plaintiff's motions of January 24 and January 26, 1984 concerning prejudgment interest and punitive damages could only be considered as renewed motions to amend the judgment under Fed.R.Civ.P. 59(e) or as motions for relief from judgment under Fed.R.Civ.P. 60(b). The court properly denied the motions, for such motions were not timely made as motions to amend the judgment under Fed.R.Civ.P. 59(e) and were not justified by any of the exceptions allowing relief from judgment under Fed.R.Civ.P. 60(b).[4]

■ Fed.R.Civ.P. 59(e) requires that a motion to amend a judgment be made within ten days of entry of judgment. The ten-day limitation is to be strictly construed. *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir.1984). In the instant case plaintiff's motions of January 24 and January 26, 1984 seeking prejudgment interest

---

4. Plaintiff also requested attorneys' fees in his motion of January 24, 1984. The court's reasoning regarding prejudgment interest and punitive damages does not bar an award of attorneys' fees, as it does an award of prejudgment interest at a rate greater than 7% and an award of punitive damages, for plaintiff made the same motion seeking attorneys' fees in a timely motion to amend the district court's judgment on February 28, 1983.

at a rate greater than 7% and punitive damages were made, for the first time, almost one year after the court's entry of judgment on February 17, 1983. The district court quite properly denied plaintiff's motions as motions to amend the judgment since they were not timely made.

The court also properly denied plaintiff's motions as seeking relief from judgment under Fed.R.Civ.P. 60(b). Rule 60(b) allows a party to obtain relief from a final judgment despite a failure to comply with the time requirements of rule 59 where the party shows any of the following: (1) mistake, suprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed.R.Civ.P. 60(b). Relief under exception 6 above requires a finding of "extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981). In the instant case plaintiff did not argue that his case fell within any of the rule 60(b) exceptions for relief from final judgment. Indeed, a review of plaintiff's case indicates that it does not meet any of these exceptions. The district court therefore properly denied plaintiff's motions as motions for relief from final judgment.

## IV. CONCLUSION

The district court's orders granting plaintiff's motion for summary judgment and denying plaintiff's motions for prejudgment interest at a rate greater than 7% and for punitive damages are affirmed. The court's denial of plaintiff's motion for attorneys' fees is reversed and remanded.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.