38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Rosemary SHIRLEY, Debtor.
Rosemary SHIRLEY, Plaintiff-Appellant,
v.
Clinton Charles MYERS, Defendant-Appellee.
In re Rosemary SHIRLEY, Debtor.
Rosemary SHIRLEY, Appellant,
v.
Marvin E. SHIRLEY, Plaintiff-Appellee,
Clinton Charles Myers; T.D. Service Company, et al.
Defendants-Appellees.
 Nos. 93-15780, 93-15784.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 11, 1994.
 
 Before: GOODWIN, O'SCANNLAIN, KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosemary Shirley appeals dismissal of her two bankruptcy court appeals in the United States District Court for the Eastern District of California for failure to comply with non-jurisdictional rules. We affirm.
 
 I.
 
 3
 These issues result from two appeals of cases arising out of the foreclosure on land securing "the Myers Parties" for a loan to Rosemary Shirley and her ex-husband Marvin Shirley, both of whom had filed for separate bankruptcies in the 1980s. After the Shirleys defaulted on the loan, the Myers Parties foreclosed on the property. Because there were two Shirley bankruptcies, we will refer to Rosemary Shirley by her first name.
 
 
 4
 Nearly three years later, Rosemary filed a complaint with the Bankruptcy Court seeking to have the sale set aside as a "fraudulent conveyance" of real property. The Bankruptcy Court granted summary judgment against her, which Rosemary appealed to the District Court. She requested and received an extension of time to file her opening brief on December 7, 1992.
 
 
 5
 Rosemary also filed an appeal of the Bankruptcy Court's denial of her motion to intervene in Marvin Shirley's suit against the Myers Parties for fraudulent conveyance and the bankruptcy judge's approval of the compromise and settlement agreement made between Marvin Shirley and the Myers Parties. In December, the District Court consolidated the two new appeals and imposed a January 11, 1993 deadline for the filing of the opening briefs.
 
 
 6
 On December 7, 1992, the due date for the first brief, Rosemary requested an extension of time. The District Court granted her until January 22, 1993, to file the brief and cautioned her that no further extensions would be permitted except for "extraordinarily good cause" or under "extremely compelling conditions."
 
 
 7
 On January 8, 1993, Rosemary filed another request for an extension of time to file the briefs. On February 18, 1993, the court denied her request and granted appellees' motion to dismiss as well as appellees' voluntary dismissal of their cross-appeal.
 
 II.
 
 8
 We review for abuse of discretion the district court's dismissal of an appeal for noncompliance with a nonjurisdictional rule. In re Fitzsimmons, 920 F.2d 1468, 1468 (9th Cir.1990).
 
 
 9
 In Fitzsimmons, we upheld the District Court's dismissal of an appeal from Bankruptcy Court. The District Court dismissed the case because appellant had acted in "bad faith"; specifically, he 1). failed to effect proper service of notice of the designation of the record within the 10 days prescribed by Bankruptcy Rule 8006; 2). waited two months to request the transcripts, which should have been requested immediately; 3). made his eventual request in a "slipshod" manner; 4). failed to amend his request for two months and; finally, 5). delayed his posting of fees for eight months.
 
 
 10
 Applying the Fitzsimmons standard, the District Court here did not abuse its discretion by dismissing Rosemary's appeal following a similar pattern of delays. The court found that she had, inter alia: 1). failed to file a request for a transcript upon filing her designation of record, as required by Bankruptcy Rule 8006; 2). failed to file her designation of items to be included in the record on her appeal from the final judgment, as required by Bankruptcy Rule 8006; 3). failed to file her brief and excerpts of record in connection with her appeal of the summary judgment order on October 28, 1992; 4). failed to file her brief and excerpts of record in connection with her appeal of the consolidated cases of the summary and final judgments, as required by a November 10, 1992 order of the court; and 5). failed to file the opening briefs on January 11 and 22, 1993, as required by the court's order of December 7.
 
 
 11
 Rosemary asserts that her physical and financial condition--not bad faith--prevent compliance with the court's deadlines. She points out that she is 66 years old, legally blind and under a physician's care for hypertension. She also had hip surgery in August of 1992. After dismissing her counsel in August, 1992, she has represented herself in propria persona. This was a serious mistake.
 
 
 12
 The District Court had already made allowances for Rosemary's disabilities when it granted her the first extension, "in light of all the facts and circumstances," i.e., Rosemary's disabilities and need for the assistance of others, although the Court noted that her failure to comply with procedural rules had "created considerable difficulty" for others and approached the point of bad faith.
 
 
 13
 When Rosemary nonetheless applied for a further extension on January 8, 1992, her circumstances were essentially unchanged. The only factor that could have justified extending the deadline was surgery to remove a lesion on her ear. The District Court found, and we agree, that this did not create an "extremely compelling circumstance[ ]" and granted appellees' motion for dismissal. A person enjoying the state of health of this appellant has even stronger reasons than most pro se litigants to employ counsel in a $1,600,000 foreclosure.
 
 
 14
 In Fitzsimmons, the court said that generally the District Court must consider alternatives to outright dismissal. Here, the District Court imposed deadlines for the filing of the briefs and warned Shirley twice (November 10, 1992 and December 7, 1992) that failure to comply could lead to the dismissal of her appeal. The court's imposition of deadlines and issuance of warnings show that it has "sufficiently considered and exhausted alternatives to dismissal." Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir.1988).
 
 
 15
 Rosemary also contends that the District Court abused its discretion in rejecting her motion to reconsider dismissal. Federal Rule of Civil Procedure 60(b) allows reconsideration of a final order in "extraordinary circumstances." McConnell v. MEBA Medical & Benefits Plan, 759 F.2d 1401, 1407 (9th Cir.1985). More particularly, Local Rule 230(k)(3) requires a party requesting reconsideration to explain "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." This means that "[i]n the absence of an allegation of a change in the law or the existence of new evidence, reconsideration is proper 'only to correct a clear error or prevent manifest injustice.' " Barcellos and Wolfsen, Inc. v. Westlands Water Dist., 849 F.Supp. 717, 728 (E.D.Cal.1993). Thus, Rosemary was required to provide the court with evidence of new or different "extremely compelling circumstances."
 
 
 16
 In denying Rosemary's motion for reconsideration, the District Court properly found that she failed to show compelling circumstances. Rosemary simply did not tell the court anything new or different. Rosemary offered the fact that she dismissed her counsel in August of 1992 and replaced him only in late February. This delay was neither new nor relevant to her failure to meet the January deadline. Nor does the fact that Rosemary's son underwent a biopsy constitute an extremely compelling factor that prevented her from meeting the January deadline. Although Rosemary claims his illness prevented him from helping her, she knew of his illness in December but failed to mention it in her January 8 request for an extension; moreover, she provided no evidence of the extent to which his illness interfered with her work.
 
 
 17
 Because dismissal was proper, we need not reach the merits.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3