142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Liam Thomas HAMILTON, Defendant-Appellant.
 No. 96-56422.
D.C. Nos. CV-95-00125-HLH CR-92-344-HLH.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the Central District of California Harry L. Hupp, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Liam Thomas Hamilton, a former federal prisoner, appeals pro se the district court's denial of his third 28 U.S.C. § 2255 motion and his motion for reconsideration of the district court's order dismissing his petition for a writ of audita querela. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We review the denial of a Rule 60(b) motion for an abuse of discretion. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255, and we affirm.
 
 
 3
 Hamilton contends that the district court violated the Confrontation Clause by allowing the government to file a document under seal without notifying him. We decline to consider this contention because it was raised for the first time on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992).
 
 
 4
 Next, Hamilton contends that trial counsel was ineffective on several grounds. These pre-plea claims are barred by Hamilton's valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).
 
 
 5
 Third, Hamilton contends that his Fourth and Fifth Amendment claims were erroneously dismissed as successive, since he raised them in the context of ineffective assistance of counsel. This claim lacks merit because the grounds upon which Hamilton based his ineffectiveness claims were previously considered and rejected by the district court. See United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir.1997).
 
 
 6
 Finally, Hamilton contends that the district court erred by denying his Rule 60(b) motion. This claim lacks merit because Hamilton failed to show that the judgment was void or that "extraordinary circumstances" justified relief from the judgment. See Fed.R.Civ.P. 60(b) (1996); McConnell v. MEBA Medical & Benefits Plan, 778 F.2d 521, 526 (9th Cir.1985).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3