# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3420

_____

Norma Martin, Brian Martin,      *
                                   *

          Appellants,            *

                                   *   Appeal from the United States

      v.                      *   District Court for the Western

                                   *   District of Arkansas

Arkansas Blue Cross and Blue Shield,  *

a Mutual Insurance Company,      *   [TO BE PUBLISHED]

                                   *

          Appellee.              *

_____

Submitted: April 11, 2001

Filed: October 26, 2001

_____

Before BYE and BEAM, Circuit Judges, and MELLOY,[1] District Judge.

_____

PER CURIAM.

Norma and Brian Martin appeal the district court's denial of attorney's fees following their successful suit to certify benefits for Norma's lung transplant operation under a plan governed by the Employment Retirement Income Security Act (ERISA). The Martins also appeal the district court's determination that ERISA fee

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

awards cannot be calculated on a contingency basis. We affirm in part, reverse in part, and remand.

When Norma Martin lost a lung because of bonchoalveolar cell carcinoma, her treating physicians recommended that she have her remaining lung transplanted with a healthy one. Martin asked Arkansas Blue Cross & Blue Shield (the Plan) to certify benefits for the transplant pursuant to an ERISA employee welfare benefit plan in which she participated. After the Plan denied benefits, Martin and her husband sued, alleging that benefits had been wrongfully denied.

The district court held that a procedural irregularity rendered the Plan's denial unreasonable, ordered the Plan to certify coverage for the lung transplant, and invited the Martins to file a petition for attorney's fees. The Martins' petition asked for a contingent fee based on the cost of the lung transplant surgery (1/3 of $125,000, or $41,666.67). The Plan resisted the petition, but without presenting any evidence of special circumstances that would render the award unjust. See Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 (8th Cir. 1980) (holding that a prevailing plan participant "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.").

The district court denied the petition for fees. The district court applied the five-factor test for awarding ERISA fees set forth in Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir. 1984), and determined that the factors weighed in favor of the Plan. The district court acknowledged the Landro presumption in favor of awarding fees absent special circumstances, but did not find any special circumstances. Instead, the district court merely concluded that "on balance, however, consideration of the Lawrence factors leads the Court to believe that plaintiffs are not entitled to shift their attorneys' fee onto the shoulders of the defendant in this matter."

The district court also denied the fee petition on the alternative ground that the Martins had not offered any information concerning the number of hours reasonably spent on the litigation, or the reasonable hourly rate for such services. The district court held that a contingent fee award was inappropriate in an ERISA case. The Martins immediately filed a motion for reconsideration, setting forth an hourly fee request in the amount of $11,091. The Martins brought this appeal after the district court denied their motion for reconsideration.

We review a district court's determination regarding an ERISA fee award for abuse of discretion. Stanton v. Larry Fowler Trucking, Inc., 52 F.3d 723, 729 (8th Cir. 1995). A district court abuses its discretion when it improperly evaluates the considerations relevant to an award of fees. Welsh v. Burlington Northern, Inc., Employee Benefits Plan, 54 F.3d 1331, 1342, 1343 (8th Cir. 1995).

This appeal raises the question whether a district court abuses its discretion when it denies an ERISA fee award by applying the Lawrence factors, without considering the Landro presumption. We conclude that the district court improperly evaluated the fee petition when it failed to apply the presumption in favor of awarding fees absent special circumstances, and therefore abused its discretion. See McConnell v. MEBA Med. & Benefits Plan, 778 F.2d 521, 525 (9th Cir. 1985) (holding that a district court abused its discretion in denying fees where there were no special circumstances present that would make an award unjust); cf. Walke v. Group Long Term Disability Ins., 256 F.3d 835, 842 (8th Cir. 2001) (affirming an award of fees where an ERISA plan failed to cite any special circumstances that would make an award unjust). A proper consideration of the five factors will usually lead to the conclusion that a prevailing plan participant or beneficiary should recover attorneys' fees. In those circumstances where it does not, merely finding that the five factors favor the Plan does not amount to special circumstances that would make an award unjust.

The Martins argue that the district court should have awarded a contingent fee award based on 1/3 the value of Norma's lung transplant operation. We disagree. The Supreme Court has "generally turned away from the contingent-fee model" in fee shifting cases. City of Burlington v. Dague, 505 U.S. 557, 566-67 (1992). We follow the lead of other circuits that have concluded, in light of Burlington, that contingent fee awards are inappropriate in ERISA cases. Elmore v. Cone Mills Corp., 23 F.3d 855, 863 (4th Cir. 1994); Cann v. Carpenters' Pension Trust Fund for N. Cal., 989 F.2d 313, 318 (9th Cir. 1993).

Finally, the Martins contend that the district court abused its discretion when it denied their motion for reconsideration, in which they supplied the court with an hourly fee request. The district court denied the original request for fees, as well as the motion for reconsideration, primarily because it had already determined that the Lawrence five-factor test weighed in the Plan's favor. Having reversed on that issue, we must decide whether the district court acted within its discretion in denying the fee request solely on the basis that the Martins initially failed to request fees on an hourly basis.

We conclude that the district court should consider the request for hourly fees on remand. See Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246-47 (8th Cir. 1996) (reversing a denial of a motion for reconsideration where counsel in a class action immediately moved for leave to submit time records after the district court announced that it would only consider an award on an hourly basis); cf. In re Stauffer Seeds, Inc., 817 F.2d 47, 50 (8th Cir. 1987) (addressing a request for fees under Fed. R. Civ. P. 37, and holding that, unless initial fee request is "manifestly inadequate," district court should request additional information or hold a hearing before denying fees in toto).

We affirm the district court's denial of the request for contingent fees, but reverse and remand for consideration of the Martins' request for hourly fees.

BYE, Circuit Judge, concurring.

I agree with the majority opinion in all respects. I write separately to discuss what I believe is an incompatibility between the five-factor test and the special circumstances presumption, both of which have been adopted by this circuit.

I begin by recounting the history of our adoption of both the special circumstances presumption, and the five-factor test. Congress enacted ERISA with a fee-shifting provision, see 29 U.S.C. § 1132(g)(1) ("the court in its discretion may allow a reasonable attorney's fee and costs of action to either party"), that unfortunately provided little guidance to courts on how to exercise their discretion in awarding fees. Faced with this problem, the Tenth Circuit created a balancing test for deciding whether prevailing ERISA plaintiffs should receive attorney's fees. The test considers:

> (1) the degree of the offending parties' culpability or bad faith;
> (2) the degree of the ability of the offending parties to personally satisfy an award of attorneys fees;
> (3) whether or not an award of attorneys fees against the offending parties would deter other persons acting under similar circumstances;
> (4) the amount of benefit conferred on members of the pension plan as a whole; and
> (5) the relative merits of the parties' position.

Eaves v. Penn, 587 F.2d 453, 465 (10th Cir. 1978) (the Eaves five-factor test).

The Eaves five-factor test has been criticized as being "an unhelpful method for determining the appropriateness of awards to prevailing plaintiffs in ERISA actions." Mark Berlind, Attorney's Fees under ERISA: When is an Award Appropriate?, 71 Cornell L. Rev. 1037, 1058 (1986). Various criticisms of the five-factor test include (a) the superfluous nature of the first factor, since courts already

have the inherent ability to shift fees because of bad faith, (b) the fact that the second factor does not apply to most ERISA situations, because an ERISA plan typically pays the fees of a prevailing party rather than the plan administrators *personally*, and (c) ERISA already provides strict fiduciary standards that accomplish the goals of the third factor, deterrence. See id. at 1058-61; see also Cent. States S.E. & S.W. Areas Pension Fund v. Hitchings Trucking, Inc., 492 F. Supp. 906, 909 (E.D. Mich. 1980) ("[I]t is difficult to determine the relationship of ERISA to each of these factors.").

Even though the five factors provide little guidance, almost every circuit, including this one, subsequently adopted the test for determining whether district courts should, in their discretion, award attorney fees to a prevailing plaintiff in an ERISA suit. See Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir. 1984); Berlind, 71 Cornell L. Rev. at 1042 (noting that "[n]early all circuits have adopted the five-factor test or a similar approach.").

The ERISA fee-shifting provision is like the fee provisions in the civil rights statutes. See 42 U.S.C. § 1988 (§§ 1981, 1983 actions); 42 U.S.C. 2000a-3(b) (Title II actions); 42 U.S.C. § 2000e-5(k) (Title VII actions). The Supreme Court first articulated a presumption in favor of awarding fees under those statutes in Newman v. Piggie Park Enter., Inc., 309 U.S. 400 (1968), a Title II case. The Supreme Court held that prevailing plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id. at 402. This Newman presumption (sometimes referred to as the Hensley standard, see Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (applying the presumption in a case involving § 1988)) has been described as a "less demanding" standard for awarding fees, while the five-factor test has been described as "more exacting." See Eddy v. Colonial Life Ins. Co. of Am., 59 F.3d 201, 203 (D.C. Cir. 1995).

This circuit appears to have been the first one to apply the Newman presumption to ERISA cases. See Landro v. Glendenning Motorways, Inc., 625 F.2d

-6-

1344, 1356 (8th Cir. 1980). The Ninth and Fourth Circuits followed suit. See Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984); Reinking v. Philadelphia Am. Life Ins. Co., 910 F.2d 1210, 1218 (4th Cir. 1990). But the Fourth Circuit soon switched positions and rejected the Newman presumption in ERISA cases, concluding that ERISA is not a remedial statute on the same plane as the civil rights statutes. Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1030 (4th Cir. 1993) (en banc) (overruling Reinking to the extent that it adopted a mandatory presumption in favor of granting fees). Most other circuits have rejected the Newman presumption in ERISA cases for the same reason. See Eddy, 59 F.3d at 209-10; Ellison v. Shenango Inc. Pension Bd., 956 F.2d 1268, 1274 (3d Cir. 1992); Armistead v. Vernitron Corp., 944 F.2d 1287, 1301-04 (6th Cir. 1991); Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1265-66 (5th Cir. 1980).

We continue to apply both the "less demanding" Newman presumption in ERISA cases, as well as the "more exacting" five-factor test. See, e.g., Lutheran Med. Ctr. of Omaha v. Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan, 25 F.3d 616, 623-24 (8th Cir. 1994) (referring to both the five-factor test as well as the "special circumstances" presumption); Stanton v. Larry Fowler Trucking, Inc., 52 F.3d 723, 729 (8th Cir. 1999) (same); Welsh v. Burlington Northern, Inc., Employee Benefits Plan, 54 F.3d 1331, 1342 (8th Cir. 1995) (same). But curiously, we have never questioned the compatibility of the two tests, even though it has been suggested that the tests are decidedly incompatible:

> If the jurisdiction has [adopted the Newman presumption but] also adopted the Eaves test, the five factors are reduced to mere formalities recited to justify an almost automatic award for every prevailing plaintiff. In McConnell v. MEBA Medical & Benefits Plan, [759 F.2d 1401, 1406 (9th Cir.), opinion superseded by, 778 F.2d 521 (9th Cir. 1985)] the Ninth Circuit recognized this phenomenon, stating that 'proper consideration of the five factors will invariably lead to the conclusion that a prevailing plan participant or beneficiary should

recover attorneys' fees.' The court held that the district court abused its discretion in denying the plaintiff's request for fees, because 'no special circumstances existed warranting the denial.' Thus, the court held the district court's balancing of the Eaves factors in favor of the defendant irrelevant absent unusual circumstances demonstrating an improper award.

. . .

This statement assumes that the courts seriously apply the Newman presumption. It is possible that the Eaves test can overcome the Newman presumption by considering any of the five factors that mitigate against the plaintiff as special circumstances rendering an award unjust. Thus, if the district court balances the Eaves factors and determines that an award is unwarranted, it can deny the request using the machinery of the presumption. However, this approach would practically nullify the Newman presumption, just as a serious application of the presumption reduces the vitality of the five-factor analysis.

Berlind, 71 Cornell L. Rev. at 1044 & n.56 (internal citations omitted).

We have not had to address the apparent incompatibility that exists between the tests because we have mostly reviewed decisions awarding fees that have been supported both by the presumption and the five factors. On one occasion, however, we upheld a denial of attorney fees because the defendant had shown special circumstances sufficient to overcome the presumption. Hechenberger v. W. Elec. Co. Inc., 786 F.2d 347, 348-49 (8th Cir. 1986) (upholding the denial of fees where plaintiffs continued to pursue an appeal even though their action had been mooted by an amendment of a Missouri statute that abolished the practice they challenged, and the ERISA plan abandoned the challenged practice).

The district court denied the Martins' fee request in reliance on the five-factor test, but in the absence of any special circumstances that would overcome the presumption in favor of awarding fees. Thus, this appears to be the first time that the

two tests butt up against one another. Adding to the confusion is the fact that we have referred to the defendant's burden of overcoming the presumption both as one of persuasion, see Stanton, 52 F.3d at 729, and as one of production, see Gunderson v. W.R. Grace & Co. Long Term Disability Income Plan, 874 F.2d 496, 500 (8th Cir. 1989). The district court denied the Martins' fee request despite the Plan's failure to *produce* any evidence of special circumstances, perhaps *persuaded* solely by the Plan's arguments that the five-factor test weighed in its favor.

Faced with this quandary, we are nevertheless unable, as a panel, to disregard either Landro or Lawrence without review by the en banc court. Under these circumstances, I agree with the majority's decision to hold, as the Ninth Circuit did, that a district court abuses its discretion when it denies fees in the absence of special circumstances. See McConnell v. MEBA Med. & Benefits Plan, 778 F.2d 521, 525 (9th Cir. 1985).

BEAM, Circuit Judge, dissenting.

There being no abuse of discretion on the part of the district court, I respectfully dissent. I also respectfully dissent from the reasoning of the concurrence that finds an incompatibility between the five-factor test this circuit adopted in Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir. 1984) (per curiam) and the fee-awarding presumption the court earlier adopted in Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 (8th Cir. 1980). Indeed, it seems to me that this case demonstrates perceptible compatibility. In spite of this, if the matter were presently open for decision, I would reject the Landro presumption for the reasons stated by the District of Columbia Circuit in Eddy v. Colonial Life Insurance Co., 59 F.3d 201, 206-07 (D.C. Cir. 1995), although I agree with Eddy that in assessing the discretion vested in the district court we should "necessarily seek to focus decision-making on the underlying statutory purpose [of ERISA] while affording appropriate leeway for the district court's case-by-case determinations." Id. at 207.

ERISA's fee-shifting provision unambiguously gives the district court discretion whether or not to award attorney fees to a prevailing plaintiff. 29 U.S.C. § 1132(g). A district court abuses its discretion when there is a lack of factual support for its decision, or when it fails to follow applicable law. Richards v. Aramark Servs. Inc., 108 F.3d 925, 927 (8th Cir. 1997). Nothing of the sort occurred in this case.

In Landro, we acknowledged that the prevailing plaintiff was entitled to a presumption in favor of a fee award–limited by the losing defendant's ability to show special circumstances in support of denying an award. 625 F.2d at 1356. We noted that the losing defendant had the burden of proving those special circumstances. Id. at 1356 n.19. Then in Westerhaus we identified a five-factor test designed to aid the district court in making its determinations. 749 F.2d at 495-96. See also Jacobs v. Pickands Mather & Co., 933 F.2d 652, 659 (8th Cir. 1991) (stating that court should consider the enumerated Westerhaus factors in exercising its discretion concerning whether to award attorney fees).

Lutheran Medical Center v. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan, 25 F.3d 616, 623-24 (8th Cir. 1994), appears to be the first case in which we referred to the five-factor test and the presumption in the same analysis. In Lutheran we affirmed the district court's decision to award fees, and noted that "the Plan has not shown any special circumstances. Moreover, the district court exhaustively considered all five factors set forth in Jacobs." Id. at 624. Also, in Stanton v. Larry Fowler Trucking, Inc., 52 F.3d 723, 730 (8th Cir. 1995), we held that the district court did not abuse its discretion in awarding attorney fees to the prevailing plaintiff. In Stanton, we again noted that the defendant bore the burden of showing special circumstances to preclude an attorney fees award, and credited the district court's consideration of the five-factor test in its decision to award fees to the plaintiff. Id. at 729-30. See also Milone v. Exclusive Healthcare, Inc., 244 F.3d 615,

620 (8th Cir. 2001) (referring to both the special circumstances presumption and five-factor test).[2]

Here the district court clearly recognized the Landro presumption and then found that the plan fully cooperated in expediting the exhaustion of plan administrative remedies, the presentation of a stipulated record to the district court, agreeing to a simultaneous briefing schedule, and finally, did not appeal the district court's adverse position, but instead complied and certified coverage–resulting in Martin's lung being transplanted within six months after her case was filed. The district court also noted that Martin would not have prevailed but for a procedural irregularity in the plan's decision-making process. Thus, to summarize, the court noted the operative presumption, applied the five-factor test and found that an award was not merited under the circumstances. There is factual support for this decision. Thus, the district court fully followed the applicable law of this circuit that the defendant must show special circumstances to preclude an attorney's fee by utilizing the five-factor test to guide such determination. See, e.g., Lutheran Med. Ctr., 25 F.3d at 624 (recognizing the special circumstances presumption and utilizing the five-factor test in making fee determination). Accordingly, I fail to see how the district court abused its discretion.

Likewise, I fail to see any inherent incompatibility in the two formulations. The concurring opinion states that the district court relied upon the five-factor test, but failed to find special circumstances to overcome the presumption. I disagree with that reading of the district court's opinion. It seems to me the district court's opinion

---

[2]I note that the Seventh and Ninth Circuits utilize both the five-factor test and the special circumstances presumption in conducting the discretionary attorney fee analysis without questioning the compatibility of the two tests. See S.A. McElwaine v. US West, Inc., 176 F.3d 1167, 1172 (9th Cir. 1999); Little v. Cox's Supermarkets, 71 F.3d 637, 644 (7th Cir. 1995).

can just as easily be read to say that in light of its findings under the five-factor test, special circumstances *did* exist, warranting the denial of the fee request.[3]

I particularly disagree with the concurrence, quoting the *Cornell Law Review* article, that applying the five-factor test to determine if special circumstances exist will "practically nullify" the presumption. Instead, what applying the five-factor test will do is ensure that in the unusual situation where there are special circumstances (as we have here), the losing defendant will not automatically be charged with paying the plan participant's attorney fees. The article, and the concurring opinion by incorporation, seem to suggest that there should be a presumption of almost irrebuttable status. I disagree that this is, or should be, the law of this circuit.

Accordingly, I would affirm the district court's decision to deny fees in this case because special circumstances were established by the defendant.

---

[3]The record discloses the following statement by the presiding judge:

> The Court is mindful that ERISA is remedial legislation, to be broadly construed, and that a plan participant or beneficiary who prevails should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust. Landro v. Glendenning Motorways, Inc., 625 F.2d 1344 (8th Cir. 1980). On balance, however, consideration of the Lawrence factors leads the Court to believe that plaintiffs are not entitled to shift their attorneys' fee onto the shoulders of defendant in this matter.

Martin v. Arkansas Blue Cross and Blue Shield, No. 00-5035, order at 3 (W.D. Ark. filed Sept. 5, 2000).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.