**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMED E. LASHEEN, | No. 13-17143 |
| Plaintiff - Appellee, | D.C. No. 2:01-cv-00227-LKK-EFB |
| v. | |
| EMBASSY OF THE ARAB REPUBLIC OF EGYPT; et al., | MEMORANDUM* |
| Defendants - Appellants, | |
| and | |
| THE LOOMIS COMPANY, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The estate of Mohamed Lasheen filed this action claiming that defendants-appellants improperly denied Lasheen medical benefits under an ERISA plan sponsored by the Egyptian Embassy.[1]  The defendants appeal the district court's entry of default judgment against them, arguing that: (1) the district court erred in entering default judgment against them; (2) the district court erred in declining to grant the defendants a hearing on damages; and (3) the district court erred in awarding attorneys' fees.  We have jurisdiction under 28 U.S.C. § 1291.  We AFFIRM.

1.  Default judgment

The decision to grant or deny entry of default judgment is reviewed for abuse of discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Under the Foreign Sovereign Immunities Act, "[n]o judgement by default shall be entered . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  "This provision . . . codifies in the FSIA context the long-standing presumption that due

---

[1]  In *Lasheen v. Embassy of the Arab Republic of Egypt*, 485 F. App'x 203 (9th Cir. 2012), we previously determined that the defendants were not entitled to sovereign immunity because Lasheen's claims fell within the commercial activity exception to the Foreign Sovereign Immunities Act.

process requires plaintiffs seeking default judgments to make out a prima facie case." *Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).

The district court did not abuse its discretion in entering default judgment against the defendants given their sporadic participation in the litigation, frequent failures to appear, and ultimate failure to appear at a mandatory December 2005 status conference. The district court properly applied the factors discussed in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), in determining whether to enter default judgment. Moreover, the defendants cannot demonstrate that their default was due to excusable neglect. *See, e.g.*, *Meadows v. Dominican Republic*, 817 F.2d 517, 521–22 (9th Cir. 1987) (finding that the default resulted from the defendants' culpable conduct where the Dominican Republic was "aware of relevant federal law . . . [and had been] fully informed of the legal consequences of failing to respond"); *see also TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001) (noting that a defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond"), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001). Finally, the plaintiff's complaint alleged sufficient information to make out a prima facie case that he was entitled to recover

due benefits under 29 U.S.C. § 1132(a)(1)(B), satisfying the requirements for entry of default judgment against a foreign sovereign.

2. Damages

The district court awarded Lasheen $200,000 in damages, the maximum lifetime benefit amount available under Lasheen's benefits plan. The defendants argue that the district court erred because it did not hold an evidentiary hearing on damages, and that Lasheen did not sufficiently demonstrate that he was entitled to the lifetime benefit.

Upon entry of default, a plaintiff is required to prove the amount of his damages, because neither the default nor the allegations in the complaint can establish the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The district court may determine the amount of damages without an evidentiary hearing where "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). Here, the district court properly relied on affidavits and medical records submitted by the plaintiff indicating that the cost of Lasheen's needed treatment was over $250,000. No evidentiary hearing was required because the damages were clearly ascertainable based on the records Lasheen submitted. The district court did not abuse its discretion.

3.  Attorneys' fees

Finally, the defendants contest both the district court's decision to award attorneys' fees and the amount of fees awarded.  ERISA gives the district court discretion to grant attorneys' fees and costs to a prevailing party.  29 U.S.C. § 1132(g)(1).  We review for abuse of discretion.  *See McConnell v. MEBA Med. & Benefits Plan*, 778 F.2d 521, 525 (9th Cir. 1985); *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980).  The district court considered the appropriate factors articulated in *Hummell*, 634 F.2d at 453, governing the decision to award attorneys' fees.  Moreover, in the absence of special circumstances, it is an abuse of discretion for the district court to *deny* a prevailing plaintiff attorneys' fees. *McConnell*, 778 F.2d at 525.  The defendants have demonstrated no such special circumstances here.  Nor have the defendants demonstrated that either the hourly rate or the amount of hours worked by Lasheen's attorneys in pursuing this case was unreasonable, given the delays the defendants caused in this litigation.  The district court did not abuse its discretion.

AFFIRMED.