Joan **LAWRENCE,** Appellant,

v.

Carl L. **WESTERHAUS,** Edward A. **Shepard** and Bobby **Hanna,** Appellees.

No. 84–2003.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 30, 1984.

Decided Nov. 30, 1984.

---

Raymond Howard, St. Louis, Mo., for appellant.

Robert W. Stewart, St. Louis, Mo., for appellees.

Before HEANEY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

Joan Lawrence brought an action for declaratory judgment against the Board of Administrators of the Lincoln St. Louis Pension Plan For Certain Hourly Employees contending that the administrators had wrongfully denied her request for disability benefits under the Plan. In a bench trial, the district court declined to award benefits, but remanded the case to the fiduciary to consider additional evidence. Lawrence thereafter moved for an award of attorneys' fees under 29 U.S.C. § 1132(g) (1982) which authorizes a court, in its discretion, to award reasonable attorneys' fees and costs to either party in ERISA actions. The district court denied the motion and Lawrence appeals. We remand.

The decision whether to award attorneys' fees under ERISA is discretionary, not mandatory. *See Fase v. Seafarers Welfare and Pension Plan,* 589 F.2d 112, 116 (2d Cir.1978). In exercising that discretion, a court should consider the following factors:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal qeustion [sic] regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980). In addition, a court may properly deny a claim for attorneys' fees solely on the ground that the plaintiff obtained no relief under the statute. *See Fase,* 589 F.2d at 116.

In this case we believe that the denial of attorneys' fees may have been premature because the plaintiff may still succeed on the merits of her action, either in the administrative proceedings or otherwise. Accordingly, while agreeing that the district court properly denied the request for fees at this time, we direct that the district court modify its order to permit plaintiff to reapply for fees should she ultimately succeed in her claim for disability benefits.

Affirmed, modified, and remanded.