**Mark HERRMANN, Plaintiff,**

v.

**E.W. WYLIE CORPORATION and First Trust Company of North Dakota, Defendants.**

**Civ. No. A2–90–64.**

United States District Court, D. North Dakota, Northeastern Division.

April 16, 1991.

---

Robert John Schultz, Conmy, Feste, Bossart, Hubbard & Corwin, Ltd., Fargo, N.D., for plaintiff.

C. Nicholas Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N.D., for defendants.

## MEMORANDUM AND ORDER

WEBB, District Judge.

Plaintiff, Mark Herrmann, filed a motion for summary judgment with this court; the defendants, E.W. Wylie Corporation (Wylie) and First Trust Company of North Dakota (trustee) responded with a cross motion for summary judgment.

Herrmann gave notice on April 7, 1989, that he would voluntarily terminate employment. On April 10, 1989, Wylie terminated Hermann. While employed he had participated in the company's Profit Sharing Plan and the Money Purchase Plan. Wylie terminated both of these plans on May 31, 1989. Herrmann was paid 60 percent of his vested interest under the plans in August 1989. After he disputed the cash-out amount, Herrmann was paid an additional 20 percent of his vested interest under both plans on March 26, 1990. The issue before the court is whether Herrmann is entitled to any of his non-vested interest under the plans which amounts to the remaining 20 percent interest under both plans.

### I.

Herrmann brings this action under the Employee Retirement Income Security Act (ERISA). Section 1132(a)(1)(B) of the act provides that a participant may bring a civil action to recover benefits due under the terms of the plan; section 1132(e) provides for federal jurisdiction of the civil action. *See* 29 U.S.C. § 1132(a) and (e).

A recent Supreme Court case sets forth the applicable standard of review as follows:

> [W]e hold that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

*Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). However, where discretion is given, the arbitrary and capricious standard is to be applied. *Id.* Both Wylie

802

plans give the pension committee the power "to construe the plan, to determine all questions that shall arise thereunder, including particularly questions submitted by the Trustee and all matters necessary for the Trustee to discharge its duties." Wylie Employee Plans, Art. II., § 3. Therefore, this court will use the arbitrary and capricious standard in reviewing the committee's interpretation of the plans.

Even when using the arbitrary and capricious standard an employer's denial of benefits is subject to judicial review. *Firestone,* 109 S.Ct. at 956. The Fifth Circuit faced a similar situation in which the plan had given great discretion to the committee. *Penn v. Howe–Baker Engineers, Inc.,* 898 F.2d 1096, 1100 (5th Cir.1990). The court contrasted the great deference it would accord the committee on questions of interpretation of the plan, to the deference it would accord the committee on questions of law. *Id.* The court stated that statutory interpretation would be reviewed *de novo. Id.* This court will likewise use the *de novo* standard for questions of law.

## II.

■ Section 411(d)(3) of Title 26 of the United States Code provides that "the rights of all affected employees to benefits accrued to the date of such termination, ... are nonforfeitable." Article XII, section 5 of both plans echos this language. The question becomes whether Herrmann had any accrued benefits on the date of the termination of the plans.

The plans provide that, "Upon severance of employment ... a participant's non-vested interest shall be forfeited, unless otherwise provided in this agreement." Wylie Plans, Art. VI, § 6. Herrmann argues that the remaining 20 percent non-vested interest became vested when the plans terminated. The defendants argue that at the time the plans were terminated the non-vested portions of Herrmann's accounts were already forfeited.

Herrmann contends that termination of employment alone is not sufficient to trigger a forfeiture of the non-vested interests

under the plans. Herrmann asserts that something more is needed such as a distribution of vested interests or a break in service, neither of which occurred prior to termination of the plans in this case. To support his assertion Herrmann relies on a General Counsel Memorandum and a First Circuit opinion.

The General Counsel Memorandum states:

In addition to setting forth certain standards for when accrued benefits must vest, section 411 also sets forth certain events which will bring about forfeitures or cause accrued benefits to be ignored. See sections 411(a)(3) (forfeiture of vested benefits), 411(a)(7) (cash out of accrued benefits), and 411(a)(6) (service which can be disregarded for determining an employee's place on the vesting schedule).

Plans may adopt these particular provisions. However, none of these provisions allows a forfeiture to take place simply because an employee separates from service. That is, separation from service is not an event which may cause forfeitable accrued benefits to become forfeitures.

General Counsel Memorandum 39310, November 29, 1984 (WESTLAW, Taxation, FTX–GCM). The defendants claim that the memorandum has no value as precedent and is not binding. The defendants also add that the memorandum interpreted plan language which was different than the plan language involved in the two Wylie plans.

The defendants point to the *Howe–Baker* case to support their position that the memorandum has no precedential value. 898 F.2d at 1105. The Fifth Circuit states that a general counsel memorandum is not binding because "it is an internal document reviewing a proposed ruling in a specific case." *Id.* This court will not rely on the memorandum for the interpretation of the specific plan language. Rather the court will refer to the memorandum for aid in interpreting the applicable sections of the Tax Code. The court assumes that the General Counsel's interpretation of 26 U.S.C. § 411 would be the same regardless

of the language of a plan. Faced with an almost total absence of case law on the question in the specific case the court finds the memorandum helpful.

The First Circuit cited General Counsel Memorandum 39310 with approval in a recent case. *See Bouchard v. Crystal Coin Shop, Inc.*, 843 F.2d 10, 15 (1st Cir.1988). The circuit court notes the language from the memorandum which states that separation from service is not an event which may cause forfeitable accrued benefits to become forfeitures. *Id.* The court goes on to note that the memorandum states that an employment termination coupled with a distribution of the participant's nonforfeitable benefits may trigger a forfeiture. *Id.* The First Circuit then went on to find that there had not been a distribution of benefits under the plan and therefore, the forfeitable accrued benefits had not been forfeited. *Id.* at 15–16.

This court will follow the interpretation of 26 U.S.C. § 411 as set forth in the General Counsel Memorandum 39310. The court will not hold that the Wylie plans are improperly drafted for it is not necessary to do so. Rather, the court finds that the committee made an err of law when interpreting Article VI, section 6 of the plans.[1] Article VI should be read with the applicable law which requires something more than mere termination of employment to forfeit non-vested forfeitable accrued interests in a plan.

■ The employee's non-vested accrued interest may be forfeited upon the employee being "cashed out" or paid his vested interest. In the instant case the plaintiff was not paid his vested interests until August 1989 and March 1990. The non-vested interest may also be forfeited by a "break in service" which also had not occurred in this case at the time plans were terminated.

It is the conclusion of the court that Herrmann's nonvested interest in the plans was not forfeited at the time the plans were terminated in May of 1989. There-

fore, his non-vested interests became vested in accordance with 26 U.S.C. § 411.

■ The plaintiff has asked that he be awarded attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1). In determining whether to award attorneys' fees the following factors are to be considered:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal qeustion (sic) regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir.1984).

Although apparently obvious to the plaintiff, it is not obvious to the court that the defendants have exhibited any degree of bad faith. The court is not convinced that the position of the defendants was without merit. In fact the almost complete lack of precedent on the instant question lends merit to the defendants' position. An analysis of the five factors set out in *Lawrence* does not dictate the award of attorneys' fees in this action.

The request for attorneys' fees in connection with the present action is denied.

IT IS ORDERED that the summary judgment motion of the plaintiff (docket entry no. 10) is granted to the extent that plaintiff shall recover his non-vested interests in the profit sharing and money purchase plans of the Wylie Company; the plaintiff's request for attorneys' fees is denied. The defendants' cross motion for summary judgment (docket entry no. 13) is disposed of by this ruling.

---

1. Article VI, section six provides in part, "Upon severance of employment … a participant's non-vested interest shall be forfeited, unless oth-

erwise provided in this agreement." Wylie Plans, Art. VI, § 6.

IT IS FURTHER ORDERED that the plaintiff draft an order for judgment and submit it to the court.