Carol **LARSON**

v.

**UNIVERSITY WOMEN'S HEALTH PENSION PLAN, University Women's Health Physicians, Leo B. Twiggs, Preston P. Williams.**

No. 4–96–CV–627.

United States District Court,
D. Minnesota,
Fourth Division.

June 18, 1997.

Mark Valderman Steffenson, Henningson & Snoxell, Brooklyn Center, MN, for plaintiff.

Steven Lee Severson, Paul W. Heiring, Faegre & Benson, Minneapolis, MN, for defendants.

## ORDER

ROSENBAUM, District Judge.

Defendants seek summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and an award of reasonable attorneys' fees. The parties waive oral argument and submit the matter on the briefs.

Defendants contend plaintiff's complaint is untimely and her opposition to this motion is frivolous. The Court agrees, and grants defendants' motions.

## I. *Background*

All parties are either Minnesota residents or entities organized under the laws of Minnesota. Subject matter jurisdiction exists under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Plaintiff, Carol Larson, was employed as the business manager of defendant University Women's Health Physicians Pension Fund ("UWHP") from May, 1978, until January, 1991, when she was fired for embezzling over $260,000. After her employment was terminated, the UWHP brought a civil action against her to recover those funds. The lawsuit was settled. Shortly thereafter, Ms. Larson pled guilty to criminal charges growing out of this incident.

Sometime late in the fall of 1991, Ms. Larson requested that her funds in the UWHP ERISA plan be distributed to her. The UWHP complied, and made distributions comprising 99.6% of her account to her by January, 1993. Beginning no later than February 24, 1993, plaintiff's attorney began writing a series of letters demanding the remaining funds. Ms. Larson received payment by December, 1993.

Plaintiff filed this action on July 24, 1996, claiming defendants breached a fiduciary duty owed to her by intentionally delaying the distributions as punishment for her embezzlement. She also claims defendants violated Section 510 of ERISA by restricting her ability to self-direct her investments while her distribution request was pending. Defendants assert this action was untimely filed, and further reply the distribution was made as soon as administratively feasible under the circumstances, and any delay in making payments was caused by plaintiff's own actions.

## II. *Analysis*

Summary judgment is appropriate when there is no genuine issue as to any material

fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). Summary judgment may be appropriate when plaintiff's claims are barred by applicable statutes of limitations. *See, e.g., Bell v. Fowler,* 99 F.3d 262, 265 (8th Cir.1996). For purposes of this motion, the parties and the Court agree there are no facts in dispute.

### A. The Breach of Fiduciary Duty Claim

Plaintiff alleges defendants breached an ERISA fiduciary duty by delaying her distribution from the UWHP Plan.

The statute of limitations applicable to such a claim is set forth at Section 413 of ERISA, which provides that:

No action may be commenced ... with respect to a fiduciary's breach of any responsibility, duty or obligation under this part ... [more than] three years after the earliest date on which the plaintiff had actual notice of the breach or violation....

29 U.S.C. § 1113. This limitation is fatal to plaintiff's claim.

Ms. Larson's complaint clearly shows she had actual knowledge of the alleged breach of fiduciary duty in February, 1993, *see* Complaint ¶ 25, but did not file a complaint until July 24, 1996, more than three years later. Consequently, her claims are untimely.

Ms. Larson argues that the Court should incorporate a continuing violation term into the congressionally-determined limitation period in order to save her claims. The plain language of the statute, however, precludes such construction. Section 413(2) provides that the three year period begins to run at the earliest date plaintiff had actual knowledge. See 29 U.S.C. § 1113(2); *Phillips v. Alaska Hotel and Restaurant Employees Pension Fund,* 944 F.2d 509 (9th Cir.1991).

Further, it is clear that adopting plaintiff's theory would eviscerate ERISA's finely-crafted limitations scheme. If failure to pay a demanded distribution constituted "a con-tinuing violation," it is conceivable that if the non-payor waited years, or forever, to make the tardy payment, there would be no limitation on an ERISA claim. This is not the law, nor can it be. Accordingly, defendants' motion for summary judgment on this claim is granted.

### B. ERISA Section 510 Claim

Plaintiff alleges defendants violated Section 510 of ERISA by restricting her ability to self-direct her investments in the UWHP Plan. Although defendants argue this allegation does not state a claim under Section 510 for purposes of this motion, they assert that if there is a claim, it is barred by the applicable statute of limitations. Because Section 510 of ERISA does not include a statute of limitations provision, claims arising under this section are governed by the most analogous state statute of limitations. *See Adamson v. Armco, Inc.,* 44 F.3d 650, 652 (8th Cir.1995); *Peterson v. Norwest Corp.,* 1988 WL 425635, 1988 LEXIS 16766 (D.Minn.1988).

Under Minnesota law, the most analogous statute of limitations is codified at Minn.Stat. § 541.07(5). *See Adamson,* 44 F.3d at 652; *Peterson,* 1988 LEXIS 16766. Pursuant to Minn.Stat. § 541.07(5), wage claims must be commenced within two years. Since the last distribution was made to plaintiff on December 20, 1993, more that two years prior to the filing of the complaint, this claim is also time-barred. Therefore, defendants' motion for summary judgment on this claim is granted.

### C. Attorneys' Fees and Costs

Defendants assert plaintiff's opposition to this motion is frivolous, and the Court should exercise its discretion under section 502(g) of ERISA, *see Hoover v. Armco, Inc.,* 915 F.2d 355, 357 (8th Cir.1990), and award defendants reasonable attorneys' fees and costs. In considering whether to make such an award, the Court is guided by the factors outlined in *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir.1984).

In this case, application of the *Westerhaus* factors weighs in favor of awarding defendants attorneys' fees and costs. First, although it is not clear Ms. Larson acted in

bad faith in pursuing these claims, the fact that her own misdeeds may have engendered the delay in distribution for which she complains, and because her resistance to defendants' motion is frivolous, the Court finds she bears some culpability. Second, Ms. Larson's ability to pursue this action under the circumstances makes it reasonable to assume she can satisfy an award of attorneys' fees. Third, granting this motion may deter others from pursuing frivolous claims or maintaining frivolous arguments in the future. Fourth, there is no evidence plaintiff ever intended to benefit the Plan or its participants. Conversely, an award of attorneys' fees in favor of the UWHP would benefit the Plan and its participants. And, fifth, plaintiff's position in response to the motion for summary judgment was meritless, and her position with regard to the substantive claims appears questionable, at best. Having applied the *Westerhaus* factors in this case, and having considered plaintiff's own misconduct, the Court grants defendants' motion for attorneys' fees and costs.

Accordingly, IT IS ORDERED that:

1. Defendants' motion for summary judgment is granted.

2. Defendants' motion for attorneys' fees and costs is granted.

3. Defendant is directed to submit an affidavit of costs and fees within fourteen (14) days.

LET JUDGMENT BE ENTERED ACCORDINGLY.