# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3678WA

_____

| | | |
|---|---|---|
| David A. Griffin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | On Appeal from the United |
| | * | States District Court |
| Jim Jamison, Inc., doing business as | * | for the Western District |
| Jim Jamison Pest Control, and The | * | of Arkansas. |
| Prudential Insurance Company of | * | |
| America, doing business as Prudential | * | |
| Healthcare Systems of Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 3, 1999

Filed: August 27, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


This appeal is about lawyers' fees. In this ERISA case, 29 U.S.C. §§ 1132 et seq., the plaintiff, David A. Griffin, prevailed against one defendant, Jim Jamison, Inc., but not against the other, Prudential Insurance Company of America. The District Court entered judgment against Jim Jamison, Inc., which we shall call Jamison, for

$10,143.00.  Plaintiff then applied for an award of fees as the prevailing party, which the Court granted.  The amount awarded, however, was only $5,071.50 (exactly one-half of the judgment on the merits), instead of the much larger sum requested by the plaintiff, $35,225.00.

The District Court's order gave the following reasons for the reduction:

> The plaintiff chose to add the separate defendant Prudential Insurance Company of America, d/b/a Prudential Health Care ("Prudential"), as a party, and as Prudential was eventually dismissed, the plaintiff's counsel's fee application will be reduced accordingly.  A further reduction in the plaintiff's counsel's fee application is appropriate to reflect parity with the plaintiff's award.

David A. Griffin v. Jim Jamison, Inc., No. 97-2018, slip op. at 2 (W.D. Ark., order filed Sept. 23, 1998).

The plaintiff objects to this reasoning on two grounds.  First, although he concedes that he did not prevail against Prudential, he asserts that Prudential would never have been brought into the case absent Jamison's denial, later rejected by the Court, that it was the plan administrator.  And second, plaintiff questions the use of the word "parity" in the District Court's order, arguing that it shows the Court gave undue weight to the dollar amount of the judgment on the merits, mechanically awarding exactly one-half of this amount, while ignoring other factors that should have been taken into account.

Our review is for abuse of discretion.  We give great deference to the district courts on fee matters having to do with services performed before them.  Those courts are necessarily more familiar than we are with the members of their own bar and with

the course of litigation before them, including what lawyers may have done that was unnecessary and what may have taken up more time than it needed to. The fee requested in this case was more than three times the amount recovered by plaintiff on the merits. We are not prepared to say on the basis of the materials now before us that a reduction to one-half of the amount recovered would necessarily be an abuse of discretion. We do think, however, that our review function would be materially aided if the District Court re-thought the matter, having particularly in mind some factors we shall outline in this opinion.

1. We think we understand what the District Court meant by using the term "parity." It did not intend to require strict proportionality, or any particular mathematical relationship, between the amount of the judgment and the amount of the lawyers' fees. It intended, rather, simply to take into account the amount of the recovery and the results obtained by the lawsuit, which are certainly relevant factors. See Hensley v. Eckerhart, 461 U.S. 424 (1983).

2. Nor is it necessary for district courts to examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award. See, e.g., Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); Lawrence v. Westerhaus, 749 F.2d 494 (8th Cir. 1984). Here, however, the only one of these factors mentioned was the amount of the award. It occurs to us that other factors, in the context of the present case, deserve explicit consideration, including the following: that three lawyers had declined to represent the plaintiff before he approached his present counsel (a fact asserted in appellant's brief and not denied by appellee), and that, on the other hand, plaintiff did not obtain all of the relief he was seeking, even against the single defendant, Jamison, as to whom he prevailed.

3. The other factor explicitly mentioned by the District Court in support of its decision to reduce the fee award to $5,071.50 was that "[t]he plaintiff chose to add the separate defendant Prudential . . . as a party, and . . . Prudential was eventually

dismissed . . .." <u>David A. Griffin v. Jim Jamison, Inc.</u>, <u>supra</u>, slip op. at 2. We believe the District Court was mistaken in this statement. It is true enough that plaintiff chose to add Prudential, but plaintiff did so only after Jamison (incorrectly) denied being the plan administrator. Thus, the decision to add Prudential was forced upon plaintiff by Jamison. It follows, in our view, that at least some of the time expended by plaintiff in his pursuit of Prudential is fairly chargeable to Jamison as part of a fee award.

4.      We make the following additional suggestion for proceedings on remand. The Court, with the help of counsel for both sides, should attempt to determine, as nearly as may be, which of the hours expended by plaintiff's counsel were attributable solely to the claim against Prudential. It would be appropriate to disallow these hours in part, still having in mind that the decision to add Prudential was triggered by Jamison's incorrect assertion that it, Jamison, was not the plan administrator. Once the hours are thus divided, the District Court should reconsider its fee award, taking into account the factors mentioned in this opinion, as well as any other relevant factors. We intimate no view as to what amount should be awarded, though we do think that an award somewhat in excess of $5,071.50 would be within the Court's discretion.

For these reasons, the judgment of the District Court is vacated, and the cause remanded to that Court with the request that the matter be reconsidered in light of the comments made in this opinion.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-