**Theresa M. WEST, Plaintiff,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant.**

**No. C 99–4114–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Feb. 25, 2002.

Michael R. Mundt of Mundt, Franck & Schumacher, Denison, IA, for Plaintiff.

Sarah J. Kuehl of Heidman, Redmond, Fredregill, Patterson, Plaza, Dykstra & Prahl, Sioux City, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

BENNETT, Chief Judge.

This action involved a claim of failure to pay benefits in violation of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 *et seq.* More specifically, it involved the question of whether an intoxicated driver's death when the car he was driving missed a curve on a highway as he returned home from an office Christmas party was an "accident" within the meaning of an accidental death insurance policy governed by ERISA. On November 7, 2001, in a ruling on trial on the merits on written submissions, the undersigned concluded that defendant Aetna Life Insurance Company breached its fiduciary duty by failing to pay plaintiff Theresa West's claim for accidental death benefits under her husband's benefit plan, the UPS Plan. Aetna was directed to pay the $67,000 in accidental death benefits due to Mrs. West under the UPS Plan, plus pre-judgment interest, from the date of Mr. West's death until the date judgment was entered. That judgment was entered on November 7, 2001, and Mrs. West filed an acknowledgment of satisfaction of the judgment in full on January 24, 2002.

This matter is now before the court pursuant to Mrs. West's November 20, 2001, motion for attorney fees and costs. Mrs. West seeks attorney fees for 524.8 hours of attorney time at an hourly rate of $200, or $104,960 in attorney fees, plus $911.30 in costs. After extensions of time to do so, Aetna resisted the motion for attorney fees on December 17, 2001. Aetna contends that a "reasonable" attorney fee in this case would be an award of approximately $11,500 for 100 hours of work. Mrs. West filed a reply in further support of her fee application on December 21, 2001.

The Eighth Circuit Court of Appeals has held that a district court has the discretion to grant attorney fees in ERISA cases under 29 U.S.C. § 1132(g)(1), and may do so after considering the "five-factor test" identified in *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir.1984), but the court also recognized that there is a presumption, pursuant to *Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1356 (8th Cir.1980), and *Lutheran Med. Ctr. v. Contractors, Laborers and Engineers Health and Welfare Plan,* 25 F.3d 616, 623–24 (8th Cir.1994), that an ERISA plan beneficiary who succeeds in recover-

ing plan benefits should recover attorney fees and that the unsuccessful party has the burden of proving "special circumstances" to overcome that presumption. *See, e.g., Walke v. Group Long Term Disability Ins.,* 256 F.3d 835, 841–42 (8th Cir.2001); *Fletcher–Merritt v. NorAm Energy Corp.,* 250 F.3d 1174, 1179 (8th Cir. 2001). The "five-factor test" requires this court to consider the following: (1) the degree of culpability or bad faith assignable to the opposing party; (2) the ability of the opposing party to pay an award of attorney fees; (3) the deterrent effect an award would have on others acting under similar circumstances; (4) whether the fees are requested to benefit other plan participants or to resolve legal issues specific to ERISA; and (5) the relative merits of the parties' positions. *See, e.g., Fletcher–Merritt,* 250 F.3d at 1179 (citing *Lawrence,* 749 F.2d at 495–96). An abuse of the court's discretion to award attorney fees " 'occurs when the district court "commits a clear error of judgment" in weighing the relevant factors.' " *Id.* (quoting *Maune v. International Bhd. of Elec. Workers, Local No. 1, Health & Welfare Fund,* 83 F.3d 959, 964 (8th Cir.1996), in turn quoting *Continental Assur., Co. v. Cedar Rapids Pediatric Clinic,* 957 F.2d 588, 594 (8th Cir.1992)).

There may now be some uncertainty as to the standards applicable in this circuit to an award of attorney fees to a prevailing plaintiff in an ERISA case, as the Eighth Circuit Court of Appeals will soon consider *en banc* whether there is an irreconcilable tension between the application of the "five-factor test" and the "presumption in favor of awarding fees," as well as the question of what may constitute "special circumstances" making an award of attorney fees unjust. *See Martin v. Blue Cross and Blue Shield,* 270 F.3d 673 (8th Cir. 2001) (*per curiam* decision, with Bye, J., concurring, and Beam, J., dissenting), *vacated, reh'g en banc granted* (Dec. 7, 2001).

Nevertheless, this court need not be troubled with those questions here, because Aetna makes no attempt to dispute the propriety of awarding attorney fees to Mrs. West in this case, and thus has waived any issue concerning the propriety of awarding such fees. Moreover, the court finds that, after considering the "five-factor test" and the presumption in favor of awarding attorney fees to a prevailing plaintiff in an ERISA action, an award of attorney fees is appropriate in this case.

Instead of contesting the *propriety* of awarding attorney fees, Aetna's entire resistance to Mrs. West's motion for attorney fees in this case is to the *amount* of those fees. Aetna argues, in general and in specific, that the fees claimed by Mrs. West's attorneys are not "reasonable" in terms of the hours expended or the hourly rate claimed. Aetna contends that the primary issue in this case was a simple one of contract interpretation—was the insured killed by an "accident," since he was intoxicated while driving?—and the case was submitted on a fact stipulation, obviating the need for presentation and preparation of witnesses, so that the hours claimed by Mrs. West's attorneys are excessive. Aetna also contends that the fee claim includes a substantial amount of time for drafting pleadings that were never filed or utilized in this case, such as time spent in preparing jury instructions, other trial materials, and a motion for summary judgment. Aetna also contends that Mrs. West's counsels' records contain vague and generic "block billing" entries, such as "drafting documents," or "reviewing materials," which do not allow adequate assessment of either the tasks involved or the time spent on them. Although Aetna acknowledges that Mrs. West's attorneys are *not* claiming 16 hours in attorney time relating to the pre-empted "bad faith" claim, Aetna estimates that approximately

50 hours appear to have been spent on that claim, and that all hours prior to February 1999 should be excluded, in any event, because prior to Aetna's answer, Mrs. West's lead counsel admits that he was not aware that this was an ERISA case, and was pursuing only state-law remedies. Aetna also contends that, since Mrs. West did not succeed on any state-law claim, hours should be docked for "partial success." Finally, Aetna contends that a claim for 44 hours for preparing and filing a fee application is excessive and unreasonable.

As to Aetna's challenge to the *amount* of the attorney fees to be awarded, the Supreme Court has repeatedly recognized that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also id.* at 433 n. 7, 103 S.Ct. 1933 (stating that these standards for determining the reasonableness of a fee to be awarded to a successful plaintiff under 42 U.S.C. § 1988 are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party' "). That product, which is known as the "lodestar" figure, is presumed to represent the "reasonable" fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). To claim entitlement to the lodestar, the applicant must submit adequate documentation of hours, and "should make a good-faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. The court should also take into account the amount of the recovery and the results obtained by the lawsuit. *See Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir.1999) (ERISA case, noting that these are "certainly relevant factors," citing

*Hensley* ). This court has repeatedly held that attorney fees may be reduced for inadequate documentation or poor record-keeping. *See, e.g., Rural Water Sys. # 1 v. City of Sioux Center, Iowa*, 38 F.Supp.2d 1057, 1063 (N.D.Iowa 1999) (citing *Houghton v. Sipco, Inc.*, 828 F.Supp. 631, 643–44 (N.D.Iowa), *vacated on other grounds*, 38 F.3d 953 (8th Cir.1994)). The Eighth Circuit Court of Appeals has recognized that it is not necessary for the district court "to examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award," but the district court should consider what factors, "in the context of the present case, deserve explicit consideration," which may include, for example, the number of lawyers who had previously declined to represent the plaintiff before he or she found counsel to prosecute the case, whether the plaintiff obtained relief from all of the defendants sued, and the extent of the relief obtained against any particular defendant. *Griffin*, 188 F.3d at 997–98. In the face of arguments that the fees claimed are vaguely described, duplicative, or excessive for the work done, the court should carefully review the documentation supporting the fee request and provide reasons for determination of the amount awarded. *See Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir.1995). Finally, as to the hourly rate, a reasonable attorney fee should be "consistent with market rates and practices" in the community. *See Missouri v. Jenkins*, 491 U.S. 274, 287, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

█ As to the reasonableness of Mrs. West's fee claim in this case, the court disagrees with Aetna's characterization of the case as involving a "simple issue" of contract interpretation. The fact is that almost every district court to consider whether the death of an intoxicated driver

was an "accident" under an insurance policy had held that it was not, although this court ultimately rejected the conclusions in those cases. Moreover, the legal context of the issue, in an ERISA case, heightened the degree of difficulty involved in litigating the question. It seems to the court that the weight of contrary authority, like the number of attorneys the plaintiff had to consult before obtaining representation, is relevant to the determination of a reasonable fee, and in this case, weighs in favor of fully compensating Mrs. West's attorneys. *Cf. Griffin*, 188 F.3d at 997–98. Moreover, as contemplated in *Griffin*, the court finds that the fee claim is not plainly unreasonable in light of the fact that Mrs. West's attorneys were unable to find an attorney experienced in ERISA litigation who would act as co-counsel in this case. *See id.* The court will not create a "disincentive" to counsel to take on a challenging case or to obtain the specialized knowledge of an unfamiliar area of the law that may be required in a particular case, such as this one under ERISA, by reducing the attorneys' fees, after the fact, on the ground that counsel spent too much time becoming adequately prepared to prosecute the case. Rather, Mrs. West's counsel took on the case in the best tradition of the profession and, owing to the careful preparation of counsel, Mrs. West obtained essentially all of the recovery she sought— the face value of the policies—against very daunting odds. *See id.* (considering the extent of relief obtained).

Turning specifically to the hours claimed, the court also rejects Aetna's contention that the hours claimed are excessive, because the case was submitted on a fact stipulation, which obviated the need for presentation and preparation of witnesses, or that the fee claim involves excessive hours for the drafting of pleadings never filed or utilized in this case. Although with hindsight, it may ultimately have been unnecessary to prepare some of the materials in question, because the case was submitted on a written record with a factual stipulation, counsel did not know that at the time the documents were prepared, and, therefore, counsel did not unreasonably expend time to make ready for a trial that ultimately did not take place or to prepare a motion for summary judgment that was ultimately subsumed in submission of the case on a written record. These hours were *not* "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. The court notes that counsel for Mrs. West voluntarily deleted from the fee claim 16 hours devoted to the "bad faith" claim that was preempted by ERISA. *See id.* (counsel "should make a good-faith effort to exclude from [the] fee request hours that are ... unnecessary"). This reduction also reflects the extent of Mrs. West's "partial success." *Griffin*, 188 F.3d at 997. The court does not agree with Aetna's contention that some 50 hours should have been eliminated, because the court's own tally of time spent exclusively on the "bad faith" claim, and not otherwise necessary to prosecution of the action generally or as an ERISA action, is almost identical to (indeed, very slightly less than) the hours counsel has voluntarily deleted.

Nor is the court persuaded by Aetna's argument that the fee records contain only vague descriptions or inscrutable "block billing," although such inadequacies, if found, would plainly permit the court to reduce the fees claimed. *See, e.g., Rural Water Sys. # 1*, 38 F.Supp.2d at 1063. The individual time record entries are, on the contrary, quite detailed and are sufficient to present the court with a fair indication of the nature of the task involved and the necessity of that task to prosecution of the lawsuit. Moreover, the court has reviewed the records in their entirety and finds nothing shocking—or even disturbing—in the time allocated to individual

tasks; similarly, even though the total number of hours is quite large, it is not out of line with what the court believes was reasonably required for attorneys not already conversant with ERISA law to expend in preparing this case. *See Mansker,* 54 F.3d at 1330 (where fees are challenged on the ground that the hours claimed are vaguely described, duplicative, or excessive for the work done, the court should carefully review the documentation supporting the fee request and provide reasons for determination of the amount awarded). Aetna does not challenge Mrs. West's use of two attorneys, and the court finds that the fee records demonstrate that the attorneys' efforts were properly coordinated to avoid unnecessary duplication of effort. *Id.*

Although Aetna was not required to present evidence of the hours expended by its own counsel on this matter, and even though "the opponent's time is not an 'immutable yardstick of reasonableness,'" "[e]vidence of the hours expended by opposing counsel may be helpful in determining whether time expended on a case was reasonable." *Shaw v. AAA Engineering & Drafting, Inc.,* 213 F.3d 538, 543 (10th Cir.2000) (quoting *Robinson v. City of Edmond,* 160 F.3d 1275, 1284 (10th Cir. 1998)). However, Aetna has not submitted any evidence of its counsel's own billing records in support of its contention that 100 hours is all that is "reasonable" in this case, and the court has considerable doubt that Aetna's counsel's own billing records in this case would support Aetna's present contention about the reasonableness of the hours claimed by Mrs. West's counsel.

■ Turning to the hourly rate claimed, Mrs. West's attorneys claim an hourly rate of $200, which they argue is less than the court has awarded in the past to an experienced civil rights trial lawyer, but more than the court awarded that civil rights lawyer's associate. They argue that the hourly rate claimed is commensurate with their experience and professional stature, as compared to the two civil rights attorneys identified. Aetna, however, contends that the proper hourly rate is only $110,[1] which is what Mrs. West's attorneys charge for routine matters. In reply, Mrs. West's attorneys contend that $110 per hour is what they charge for matters such as examining an abstract or drawing up a lease, but that litigation of this lawsuit is not comparable to such services. "Although a counsel's customary rate might be some evidence of a reasonable rate, it is not controlling." *Moysis v. DTG Datanet,* 278 F.3d 819, 828 (8th Cir.2002) (citing *Jaquette v. Black Hawk County,* 710 F.2d 455, 458 (8th Cir.1983)). Rather, "[a]s a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Id.* at 828–29 (quoting *Emery v. Hunt,* 272 F.3d 1042, 1047 (8th Cir.2001)). The court concludes that, in light of the plaintiff's attorneys' experience and qualifications, the nature of the litigation, and the qualifications of and fees paid to the

---

1. Aetna's contention that "[c]ounsel's normal hourly rate for work is $110 per hour and that is the rate that should be considered" doesn't add up with Aetna's further contention that "[a] fee award more in line with Plaintiff's counsel's normal hourly rate and totaling approximately $11,500 for 100 hours of work would be reasonable and appropriate." *See* Defendant's Response to Plaintiff's Application for Attorney Fees at 4. One hundred hours at $110 per hour would yield a total attorney fee of only $11,000, whereas an hourly rate of $115 is required to yield a total attorney fee of $11,500. Perhaps by acknowledging that a fee "totaling approximately $11,500 for 100 hours of work" would be "reasonable," Aetna also intended to acknowledge that some premium over counsel's regular hourly rate is appropriate in this case.

attorneys offered for comparison, an hourly rate of $200 for the attorneys in this case is "consistent with market rates and practices" for similar work in the community. *See Jenkins*, 491 U.S. at 287, 109 S.Ct. 2463; *Moysis*, 278 F.3d at 828–29.

There is one respect in which the court concludes that the fee application should be reduced, both as to hours and hourly rate. That is the portion of the fee claimed for preparing the fee application. The court finds that the 41 hours claimed (not 44, as Aetna would have it) is excessive, and should be reduced to 20 hours. Moreover, preparation of the fee claim is a routine, largely clerical task for which $110 per hour is reasonable compensation. *See, e.g., Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 774 (5th Cir.1996) (the court allowed differential hourly rates for "legal" and "clerical" tasks performed by the same attorney); *Brewster v. Dukakis*, 3 F.3d 488, 492–93 (1st Cir.1993) (permitting an award at differential hourly rates for "core" and "non-core" activities of the lawyer).

THEREFORE, plaintiff **shall be awarded** fees for 483.8 hours at $200 per hour for prosecuting this lawsuit ($96,760), and for 20 hours at $110 per hour for preparation of the fee claim ($2,200), for **a total of $98,960 in attorney fees.** The court finds no challenge to the costs claimed by Mrs. West. Therefore, Mrs. West **shall also be awarded $911.30 in costs.**

**IT IS SO ORDERED.**