# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-2752 and 04-3363

_____

| | | |
|---|---|---|
| Marion Leonard, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| Robert D. Price; Joseph A. Puszkar, III, | * | |
| | * | |
| Intervenor Plaintiff - Appellants, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Southwestern Bell Corporation | * | |
| Disability Income Plan; Southwestern | * | |
| Bell Corporation Pension Benefit Plan; | * | |
| Southwestern Bell Corporation, also | * | |
| known as SBC Communications, as | * | |
| Plan Administrator and a Named | * | |
| Fiduciary of Southwestern Bell | * | |
| Corporation Disability Income Plan | * | |
| and of Southwestern Bell Corporation | * | |
| Pension Benefit Plan; Benefit Plan | * | |
| Committee of Southwestern Bell | * | |
| Corporation Disability Income Plan, as | * | |
| Fiduciaries of Southwestern Bell | * | |
| Corporation Disability Income Plan; | * | |
| Benefit Plan of Southwestern Bell | * | |
| Corporation Pension Benefit Plan, as | * | |
| Fiduciaries of Southwestern Bell | * | |
| Corporation Pension Benefit Plan; | * | |
| Southwestern Bell Telephone, L.P., as a | * | |
| participating company and a Named | * | |
| Fiduciary in the Southwestern Bell | * | |

Corporation Disability Income Plan   *
and Southwestern Bell Corporation   *
Pension Benefit Plan; Benefit Plan   *
Committee of Southwestern Bell   *
Telephone Company, as the Named   *
Fiduciary designated by Southwestern   *
Bell Telephone Company with respect   *
to claims and administration of benefits   *
of employees of Southwestern Bell   *
Telephone Company,   *
   *
     Defendants - Appellees.   *

_____

Submitted: April 11, 2005
Filed: May 27, 2005

_____

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

This case is before us for the second time.[1] Appellant, Marion Leonard, appeals from the final judgment of the district court on five grounds. We vacate the judgment and remand for further proceedings by the district court.

**Procedural History and Rulings Appealed From**

Leonard suffered injuries and received disability payments from benefit plans of her employer, Southwestern Bell Corporation, that are governed by the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

_____

[1]Our opinion in the prior appeal is at Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696 (8th Cir. 2003).

-2-

Leonard thereafter commenced legal action to recover a workers' compensation award. She recovered a gross award of $100,000, from which she paid approximately $20,000 in attorney fees and costs.[2] Southwestern Bell's ERISA plans ("the plans") determined that the workers' compensation award redounded to the benefit of the plans, so that plan payments to Leonard should be reduced by $100,000, the amount of the gross workers' compensation award. The plans thus began reducing Leonard's benefit payments, or "offsetting" them, on a schedule to offset the $100,000 over time.

On her own behalf and for others similarly situated, Leonard commenced the instant action in the district court seeking a declaration that the plans were not entitled to offset any part of the workers' compensation award Leonard had recovered or, if the plans were entitled to offset the award, that the amount of the offset must "be . . . reduced by an appropriate share of fees and expenses as required of plaintiff . . . to process and secure [the] worker's compensation award." App. at 25.

The district court granted summary judgment in favor of the plans, both as to the bulk of the workers' compensation award and as to the portion of the award that went to attorney fees (meaning that Leonard would be about $20,000 poorer because she won the workers' compensation award). Relying upon the representations of counsel for the plans, the district court concluded that Leonard had not raised the issue of the attorney fee offset.

Leonard appealed the summary judgment to this court. We affirmed the ruling that the plan could offset the bulk of the workers' compensation award, following the 1997 case of Waller v. Hormel Foods Corp., 120 F.3d 138 (8th Cir.). However, we reversed the ruling that the plan could offset the portion of the award that went to

---

[2]The actual amount, stipulated to by the parties, is $22,852.30.

attorney fees to secure the award. We specifically noted that the district court had erred in finding that Leonard had not raised the issue of the attorney fee offset.

We remanded for further proceedings. Following those proceedings, Leonard now appeals five decisions made by the district court: First, the district court's refusal to entertain Leonard's motion to certify a class action, which the court had agreed – at the plans' request – to hold in abeyance until after summary judgment motions had been ruled on; second, the district court's refusal to allow complaints in intervention by persons claiming to be situated as Leonard is, and the court's refusal otherwise to grant plan-wide relief; third, the district court's denial of Leonard's request for attorney fees in this action; fourth, the court's denial of Leonard's request for costs in this action; and, fifth, the court's denial of Leonard's request for prejudgment interest. We address the money issues first.

**Discussion**

*Attorney Fees & Costs Under ERISA*

ERISA provides that the district court may, in its discretion, allow a reasonable attorney's fee and costs of action to either party. 29 U.S.C. § 1132(g)(1). We have identified five considerations that the district court should take into account in exercising its discretion under this provision of ERISA: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984). In addition, we have said, a court may

- 4 -

properly deny a claim for attorneys' fees solely on the ground that the plaintiff obtained no relief under the statute. Id.

The district court denied Leonard's request for attorney fees "because [Leonard] lost on almost every issue she presented" to the court. App. at 262. The court stated also that it "focus[ed] particularly on the absence of bad faith of either party and the reasonableness of each party's legal positions with respect to certain issues in the case . . . ."[3] Id. at 263.

In light of post-judgment developments, we believe the district court should reconsider the attorney fee issue. Leonard brought this suit expressly for the purpose of benefitting all participants and beneficiaries of the plans, and the plans now admit that Leonard's suit has in fact benefitted others. At oral argument, counsel for the plans stated that the plans have identified at least sixty-one other plan beneficiaries

---

[3]The district court here raised the question whether Leonard is a prevailing party, without resolving that question. See App. at 262. Courts often analyze the propriety of awarding attorney fees, in the ERISA context and in other contexts, with the aid of the concept of the "prevailing party." See, e.g., Geissel ex rel. Estate of Geissal v. Moore Med. Corp., 338 F.3d 926, 935 (8th Cir. 2003). The district court noted that we have left open the question whether an attorney fee award under the ERISA provision can be made only to a prevailing party. See id. That question remains open. Therefore, while the "prevailing party" concept may be useful to the district court, the propriety of the court's exercise of its discretion in this context does not depend on invoking that concept.

In any case, we determine that Leonard prevailed in her suit against the plans. She won on a claim stated in her complaint – reduction of any offset of her workers' compensation award by the amount of money she spent to win the award. She changed the legal relationship between herself and the plans, and she won over $20,000. This suffices to make Leonard a prevailing party. See id. (citing Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)).

who may be entitled to additional money under our holding in the first appeal in this case.[4] The plans' admission goes to the fourth of the Lawrence factors, recited above.

We remand for the district court to consider, in light of Leonard's service to similarly situated beneficiaries, whether there is any reason why she should not receive attorney fees and, if not, to award such fees in an appropriate amount.

*Costs Under Rule 54(d)(1)*

Federal Rule 54(d)(1) of Civil Procedure provides that costs other than attorney fees "shall be allowed as of course to the prevailing party" unless the court otherwise directs. We have held that this provision codifies a presumption that the prevailing party is entitled to costs. Martin v. DaimlerChrysler Corp., 251 F.3d 691, 696 (8th Cir. 2001). The presumption is rebuttable, and we review the district court's decision concerning an award of costs for abuse of discretion. Id.

The district court here denied costs to Leonard because, in light of Leonard's having lost on most issues raised, and having recovered only a relatively small part of the award she sought, the court did not consider Leonard to have prevailed in the action.[5] What counts as prevailing for purposes of an award of costs is a question of law. As we have discussed above, see n.3, the district court applied an erroneous standard to determine whether Leonard prevailed and thus abused its discretion.

---

[4]The plans moved to file an affidavit by Christine Holland, an employee of Southwestern Bell Corporation, to this effect. We grant the plans' motion, and we grant Leonard's motion to file her motion and memorandum in response to the plans' representation and supporting affidavit.

[5]In its order denying Leonard's post-judgment bill of costs, the district court did resolve the question whether Leonard prevailed or not. In its earlier order entering judgment, the court raised the question but did not resolve it.

Leonard succeeded in changing her legal position (and that of other similarly situated beneficiaries) with respect to the plans, in addition to recovering over $20,000.

We remand for the district court to reconsider whether the plans have rebutted Leonard's presumptive entitlement to costs and, if not, to award appropriate costs.

*Prejudgment Interest*

Prejudgment interest is an ordinary part of compensatory awards. The principal award is compensation for an injury. Interest on the award is compensation for the inability to use the money between the time of the compensable injury and the time that the award is paid. See Tiemeyer v. Community Mut. Ins. Co., 8 F.3d 1094, 1102-03 (6th Cir. 1993). We review the district court's decision as to prejudgment interest for abuse of discretion, Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 868 (8th Cir. 2004), and the court abuses its discretion if it denies a prevailing ERISA benefit claimant's request for prejudgment interest, absent exceptional or unusual circumstances, cf. Lutheran Med. Ctr. v. Contractors Health Plan, 25 F.3d 616, 623 (8th Cir. 1994).

The district court appears to have overlooked the question of prejudgment interest. The plans argue that Leonard never properly requested interest, because she mentioned it only in a brief concerning an award of attorney fees in this case.

On remand, Leonard may make the request for prejudgment interest, and the district court will consider it along with any argument the plans may make that there are exceptional or unusual circumstances here that make an award of prejudgment interest inappropriate.

*Class Certification*

Leonard properly moved to certify a class action in this case. At the plans' request, the district court held the motion in abeyance pending resolution of the summary judgment motions. Following the first appeal of this case, which resolved the summary judgment motions, Leonard again moved to certify a class. The district court declined to consider the motion.

The court cited no authority for the proposition that it could decline to consider a properly presented motion to certify a class. The plans cite no such authority. And we have found none. We determine that the district court abused its discretion by failing to consider the motion.

The plans make several arguments in opposition to a remand on this issue. First, the plans argue, citing Federal Rule 23(c) of Civil Procedure, that the district court cannot entertain a class certification motion after final judgment has been entered. This means, however, only that we must vacate the judgment in order for the district court to consider the motion.

Second, the plans argue that our resolution of the legal questions in the first appeal makes this case inappropriate for class treatment. To the contrary, because the merits of Leonard's case and those of all similarly situated beneficiaries of the plans are now clear, resolution of all claims in a single action is more, not less, advisable. The only fact questions remaining are what beneficiaries are situated as Leonard is, and how much money the plans owe them for improper offsets of fees paid to obtain a workers' compensation award.

Third, the plans argue that it would be unfair to consider class certification now that the summary judgment motions have been decided and the merits of the case are clear. We reject the argument that it would be unfair to give the plans what they

asked for – namely, consideration of the class certification motion after the summary judgment motions were decided.

At oral argument the plans argued, fourth, that the class certification motion is now moot because the plans have acted on their own initiative, since judgment was entered, to reimburse all plan beneficiaries entitled to relief under our holding in the first appeal. As noted above, at n.4, the plans have filed an affidavit stating that they have identified sixty-one beneficiaries who may be entitled to relief. On remand the district court should consider this argument and Leonard's response, in deciding whether to certify a class. We note, however, that the affidavit does not dispose of the matter. The affidavit states merely that some unidentified person or persons have interpreted our decision in the first appeal and, after searching the plans' records, have decided that our decision may entitle sixty-one beneficiaries to relief. The unstated legal conclusions of unidentified persons, applied to an unsupervised, unaudited search of business records, has little weight. The affidavit does admit, however, that at least sixty-one plan beneficiaries are situated as Leonard is.

We direct the district court to consider Leonard's class certification motion on remand.

*Intervenors and Plan-Wide Relief*

Certain plan beneficiaries sought to intervene in this action, in the event that class certification was denied. The district court denied the motions to intervene without discussion, in a summary order that "all other pending motions are denied as moot."

On remand, in the event that the district court denies the class certification motion, the court should consider the motions to intervene.

- 9 -

If the court denies both class certification and intervention, it should consider Leonard's request for plan-wide relief, in light of our ruling in the first appeal.

**Conclusion**

For the foregoing reasons, the judgment of the district court is vacated, and the case is remanded for further proceedings in accordance with this opinion.

_____