GRUENDER, Circuit Judge,
concurring in part and dissenting in part.
I respectfully dissent from Part II. B. of the Court’s opinion, in which the Court holds that the district court abused its discretion in denying attorney fees. I would affirm the district court’s denial of attorney fees.
ERISA provides that “the court in its discretion may allow a reasonable attorney’s fee and costs of action to either party.” 29 U.S.C. § 1132(g)(1). “In making this determination, a district court abuses its discretion when there is a lack of factual support for its decision, or when it fails to follow applicable law.” Martin v. Ark Blue Cross & Blue Shield, 299 F.3d 966, 969 (8th Cir.2002) (en banc). While I might join the Court in finding that an award of attorney fees was appropriate in this case were I reviewing the issue de novo, the district court’s opposite decision had factual support and followed the applicable law.
The district court presented a thorough discussion of the factors from Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir.1984) (per curiam), and concluded that “an award of attorney fees to Starr is not appropriate.” The Court does not identify any failure by the district court to follow the applicable law. Instead, the Court contends that the district court erred in weighing two of the factors, future deterrent effect and the relative merits of the parties’ positions.
With respect to future deterrent effect, the district court found that the factor favored Starr because an award of attorney fees “might deter departures from procedures designed to give timely notice of COBRA rights” and “failures to maintain sufficient records to establish [that] timely notice was given.” This is essentially identical to what the Court itself states about future deterrent effect. Therefore, it is unclear where the Court finds error in the district court’s analysis of this factor.
With respect to the relative merits of the parties’ positions, the district court found that Metro’s position had merit because Metro survived summary judgment and “resolution of the case required evaluation of evidence received at trial.” The Court discounts the district court’s analysis of this factor because Masanz recalled mailing the notice at the summary judgment stage, but she did not recall mailing it in her trial testimony. However, in its order denying attorney fees, the district court addressed this inconsistency in Ma-sanz’s testimony in detail and still found that Metro’s position was not without merit. The district court was in the best position to evaluate the relative merits of the parties’ positions as the case developed, and I see no reason to disturb its finding.
The Court draws a statement from Martin that a prevailing ERISA plaintiff rarely fails to receive attorney fees, but Martin makes clear that this fact does not justify any presumption in favor of awarding the fees. 299 F.3d at 972. To the extent the Court uses this fact as support for reversing the district court here, it serves to “pretermit the exercise of [the district court’s] discretion.” Id. at 971 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 533, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). This we are not allowed to do.
Accordingly, I respectfully dissent from Part II. B. of the Court’s opinion.