# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2363

_____

| | | |
|---|---|---|
| Theresa Willcox, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Liberty Life Assurance Company | * | |
| of Boston, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: March 10, 2010
Filed: March 25, 2010

_____

Before MURPHY, JOHN R. GIBSON, and RILEY, Circuit Judges.

_____

PER CURIAM.

Before the court is the appeal of Theresa Willcox from the denial of her application for attorney fees in her action against Liberty Life Assurance Company of Boston (Liberty Life) under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. In that action she sought long term partial disability benefits. Following a remand to the plan administrator, the district court[1] granted Willcox's motion for summary judgment, and we affirmed. See Willcox v. Liberty

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Life Assur. Co. of Boston, 552 F.3d 693 (8th Cir. 2009). Willcox appeals from the order denying fees. We affirm.

Willcox brought her ERISA action against Liberty Life after the insurer denied her claim for partial disability benefits. After the parties filed motions for summary judgment, the district court remanded the matter to Liberty Life for further administrative review of her claim. The district court instructed Liberty Life to consider evidence which Willcox had submitted with her summary judgment motion but which had not been included in the administrative record. Liberty Life again denied Willcox's claim, and both parties then submitted supplements to their existing motions for summary judgment.

The district court granted summary judgment to Willcox after concluding that Liberty Life had abused its discretion by failing to "evaluate Plaintiff's medical records in their totality." Liberty Life appealed, challenging both the merits of the district court's judgment and its decision to remand the case for further administrative review. We affirmed.

Willcox subsequently moved for attorney fees and costs. The district court denied her motion. The court explained that although it had determined that Liberty Life had abused its discretion by conducting an incomplete initial review of Willcox's benefits claim, there was evidence in the record to support its position that Willcox was not disabled. The court also observed that Willcox's counsel was seeking a "clearly excessive" amount of fees and had engaged in a "pattern of inflammatory and vitriolic arguments." Willcox appeals, asserting that the district court erred in its assessment of the relevant factors.

ERISA provides that the district court may in its discretion "allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). We will not overturn a district court's determination regarding an attorney fees award absent

an abuse of discretion.  Sheehan v. Guardian Life Ins. Co., 372 F.3d 962, 968 (8th Cir. 2004).

In deciding whether to award attorney fees, the district court should consider a number of factors, including:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to pay attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam).  An abuse of discretion occurs "when the district court commits a clear error of judgment in weighing the relevant factors."  Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1012 (8th Cir. 2004).

The district court specifically considered each of the five Westerhaus factors when deciding whether Willcox should be awarded attorney fees.  The court determined that only one of the factors clearly weighed in favor of an attorney fees award and that was Liberty Life's ability to pay.  The court further concluded that although the final Westerhaus factor—the relative merits of the parties' positions—tipped slightly in favor of an award, the remaining factors weighed against one.

Willcox first contends that the district court erred in finding a lack of culpability or bad faith on Liberty Life's part.  She asserts that Liberty Life's culpability is evident from the district court's conclusion that the administrator had abused its discretion by conducting a cursory review of her claim for benefits.  The district court disagreed

with that contention. It reasoned that even though Willcox ultimately prevailed on her claim, Liberty Life's decision to deny benefits did not amount to culpable conduct since substantial evidence existed in the record to support its conclusion that Willcox was not disabled. We have previously recognized that a plan administrator's decision to deny benefits is not culpable conduct if it was supported by substantial evidence. Fletcher-Merrit v. NorAm Energy Corp., 250 F.3d 1174, 1181 (8th Cir. 2006); see also Eisenrich v. Minneapolis Retail Meat Cutters & Food Handlers Pension Plan, 574 F.3d 644, 651 (8th Cir. 2009) (declining to label as culpable an insurer whose position was "mistaken" but not "egregiously so").

Willcox also claims the district court made a clear error of judgment with respect to whether a fees award in this case would have a significant deterrent effect. She argues that an award would deter Liberty Life and other insurers from conducting cursory claim reviews. The district court acknowledged Willcox's argument, but also considered the effect the denial of fees could have in discouraging unnecessarily prolonged ERISA litigation. The court determined that the deterrence factor weighed against a fees award, noting that the actions of Willcox's counsel "did more to unreasonably multiply these proceedings than any litigating position Liberty Life took." While Willcox lays blame on Liberty Life for the time and resources expended in this lawsuit, "the district court was in the best position to evaluate the relative roles of the parties in extending the litigation." Parke, 368 F.3d at 1013; Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999) ("District courts are necessarily more familiar than we are with the members of their own bar and with the course of litigation before them, including what lawyers may have done that was unnecessary and what may have taken up more time than it needed to."). We give great deference to that decision. Griffin, 188 F.3d at 997.

Willcox also challenges the district court's finding on the fourth Westerhaus factor, common benefit to plan participants. She contends that her claim will in fact benefit all plan participants indirectly because it will motivate Liberty Life to conduct

a more thorough evaluation of future claims for benefits. The Eighth Circuit common benefit factor involves a subjective element, however. The claimant must have "sought to benefit" all plan participants. Lawrence, 749 F.2d at 496. Willcox does not contend that she "sought to benefit all participants and beneficiaries" by bringing her claim for benefits. The district court did not abuse its discretion by finding that this factor weighed against an attorney fees award.

Finally, Willcox argues that the merits of the case were strongly on her side. Although she ultimately prevailed, Liberty Life's position nevertheless had merit. See Eisenrich, 574 F.3d at 651 (finding that where both party's positions were "relatively evenly balanced," the relative merits factor does not weigh heavily in favor of the prevailing employee).

We conclude that the district court did not make a "clear error of judgment" in weighing the relevant factors. The only factor the court found to weigh clearly in favor of an award of attorney fees was Liberty Life's ability to pay, and this factor alone does not justify an award where other factors weigh against one. See Continental Assur. Co. v. Cedar Rapids Pediatric Clinic, 957 F.2d 588, 595 (8th Cir. 1992). Although Willcox asserts that a prevailing party in an ERISA action ordinarily receives attorney fees, we cannot conclude that the district court abused its discretion by denying fees in this case.

Accordingly, we affirm the order of the district court.

_____